**STATE of Iowa, Appellee,**

v.

**Donald J. BEDARD, Appellant.**

No. 01–0956.

Supreme Court of Iowa.

Sept. 4, 2003.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, John P. Sarcone, County Attorney, and Thomas A. DeSio, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, Donald Bedard, appeals from a conviction for assaulting a peace officer in violation of Iowa Code sections 708.1(1) and 708.3A(4) (2001). He contends that he acted with justification. The court of appeals reversed his conviction, concluding that the officer who was the subject of the assault lacked legal cause to forcibly detain him and that defendant was justified in resisting. Upon reviewing the record and considering the arguments presented, we vacate the judgment of the court of appeals and affirm the district court's judgment.

On February 23, 2001, the Urbandale Police Department received a report that an intoxicated male was starting fights at a bar in Urbandale. Officer Vestal, who was in uniform, responded to the call. He contacted the dispatcher to obtain a description of the individual and observed a male matching that description entering a Hy Vee store. The officer entered the store and approached the subject. The subject, who was the defendant, Donald Bedard, quickly turned away. The officer then narrowed the distance between them and tried to question Bedard concerning where he had been. Bedard responded that he had come from home and walked away from the officer.

The officer followed Bedard and ordered him to remove his hands from his coat pockets. When Bedard did not comply, the officer grabbed him by the arm. At this point, Bedard swung at the officer, attempting to strike him. A scuffle ensued in which Bedard was subdued and then arrested for assaulting a police officer.

Bedard waived his right to jury trial and, following a bench trial, was convicted of assaulting a peace officer. In reversing that conviction, the court of appeals concluded that the report that the suspect had been "starting fights," without further in-

vestigation, did not create a reasonable suspicion of criminal activity. The court concluded that the act of the officer in physically restraining Bedard was unlawful, and therefore, Bedard had a right to respond with reasonable force.

In seeking to overturn the court of appeals' reversal of Bedard's conviction, the State advances two arguments. First, it contends that the communication concerning fights in a bar coupled with a description of the assailant was sufficient to permit an investigative stop of the suspect. Second, it argues that even if Bedard's detainment was without legal justification he was proscribed from using force against the officer by Iowa Code section 804.12.[1]

■ We need not consider either of the State's arguments because we are satisfied that, even if the attempt to detain Bedard was unlawful and section 804.12 does not apply to an investigatory stop, Bedard was not authorized to attempt to strike the officer. The use of reasonable force in the defense of oneself is available in the following situation:

A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any imminent use of unlawful force.

Iowa Code § 704.3. "Reasonable force" is defined by statute as follows:

*"Reasonable force"* is *that force and no more which a reasonable person, in like circumstances, would judge to be necessary to prevent an injury or loss* and can include deadly force if it is reasonable to believe that such force is necessary to avoid injury or risk to one's life

or safety or the life or safety of another, or it is reasonable to believe that such force is necessary to resist a like force or threat. Reasonable force, including deadly force, may be used even if an alternative course of action is available if the alternative entails a risk to life.

Iowa Code § 704.1 (emphasis added).

While we recognize that the burden to disprove self-defense is with the State, *see State v. Ceaser,* 585 N.W.2d 192, 194 (Iowa 1998), we are satisfied from the factual setting in which Bedard's attempt to strike the officer took place that a reasonable person in like circumstances would not judge that attacking the officer was necessary to prevent an injury or loss. Consequently, the assaultive conduct on which Bedard's conviction was based was not reasonable force necessary to defend himself. The court of appeals was not justified in finding otherwise.

■ Because we do not approve of the theory on which the court of appeals decided the case, we must consider another ground for reversal that Bedard has advanced, which the court of appeals did not reach. He argues that the evidence is insufficient to demonstrate that he intended any of his actions to be painful, injurious, or offensive.

■ In order for there to be a criminal assault, it must be shown that the act was either "intended to cause pain or injury to, or ... intended to result in physical contact which will be insulting or offensive to another," or "intended to place another in fear of immediate physical contact, which will be painful, injurious, insulting, or of-

---

1. That statute does not mention investigatory stops. It provides:

A person is not authorized to use force to resist an arrest, either of the person's self, or another which the person knows is being made either by a peace officer or by a private person summoned and directed by a peace officer to make the arrest, even if the person believes that the arrest is unlawful or the arrest is in fact unlawful.

Iowa Code § 804.12 (2001).

fensive." Iowa Code § 708.1(1), (2). These elements of proof have caused us to describe the basic assault offense, either standing alone, or as the predicate for a more serious felonious assault, as a specific-intent crime. *State v. Heard,* 636 N.W.2d 227, 231 (Iowa 2001).

A 2002 amendment to section 708.1, enacted as 2000 Iowa Acts chapter 1094, section 1, introduces the statutory definition of assault with a statement that "[a]n assault as defined in this section is a general intent crime." However, this amendment did not alter the substantive content of the statute as it pertains to the elements of the crime. The intent elements discussed in *Heard* remain as part of the definition of the offense and continue to be matters that the State must prove by evidence beyond a reasonable doubt.

▪ In judging Bedard's conduct according to the statutory elements, we are guided by the maxim that defendants will ordinarily be viewed as intending the natural and probable consequences that ordinarily follow from their voluntary acts.

*State v. Mayberry,* 411 N.W.2d 677, 682 (Iowa 1987); *State v. Rinehart,* 283 N.W.2d 319, 322–23 (Iowa 1979). A reasonable trier of fact could have concluded, as did the court in the present case, that Bedard's attempt to strike the officer was intended to place the officer in fear of immediate physical contact, which would be painful, injurious, insulting, or offensive. We reject Bedard's contention that the evidence was insufficient to support the conviction.

We have considered all issues presented and conclude that the decision of the court of appeals should be vacated and the district court judgment affirmed.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**