IN THE SUPREME COURT OF IOWA

 No. 01 / 04-1738

 Filed March 3, 2006

STATE OF IOWA,

 Appellee,

vs.

LARRY JOE KEETON,

 Appellant.

________________________________________________________________________
 Appeal from the Iowa District Court for Marshall County, Carl D.
Baker, Judge.

 Defendant challenges the sufficiency of the evidence supporting the
assault element of his conviction for robbery in the second degree.
AFFIRMED.

 Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer,
Assistant State Appellate Defender, for appellant.

 Thomas J. Miller, Attorney General, Ann E. Brenden, Assistant
Attorney General, and Jennifer Miller, County Attorney, for appellee.
CADY, Justice.
 In this appeal, the defendant claims there was insufficient evidence
to support the assault element of his conviction for second-degree robbery
of a convenience store, during which the store clerk confronted him at the
door of the store as he was attempting to exit following a theft. In
resolving the issue, the State asks that we declare the crime of assault to
be a general-intent offense and submits a well-researched and thorough
brief to support its position. We conclude substantial evidence supports
the conviction and decline to consider the additional question raised by
the State. We affirm the judgment and sentence of the district court.
 I. Background Facts and Proceedings
 On March 28, 2004, Larry Keeton entered a convenience store in
Marshalltown and purchased a pack of cigarettes. When the store clerk
opened the cash register drawer to make change, Keeton reached over the
counter and grabbed the twenty-dollar bills from the register. He stated:
“I’ll take that.” Keeton then attempted to exit the store, but the clerk
rushed to the door and blocked his path by standing in front of the double
doors. She also tried to grab the cash from Keeton’s hand as he
approached, but he would not release the money from his hand. Their hands
touched when she attempted to retrieve the money. Keeton then briefly
backed away from the door and extended his arm. The clerk realized she
could not keep him in the store until police arrived, and stepped aside to
allow Keeton to leave the store. As he exited through the door, she
snatched the hat from his head in anger. The incident was recorded by
surveillance video.
 Keeton was arrested and charged with robbery in the second degree in
violation of Iowa Code section 711.1(1) (2003). He waived his right to a
jury trial, and the case proceeded to a bench trial. The district court
found Keeton guilty of second-degree robbery and sentenced him to a term of
imprisonment not to exceed ten years.
 Keeton appeals. He claims there was insufficient evidence presented
at trial to support the assault element of robbery.
 II. Standard of Review

 “We review sufficiency-of-the-evidence claims for correction of
 errors at law. We uphold a verdict if substantial evidence supports
 it. ‘Evidence is substantial if it would convince a rational fact
 finder that the defendant is guilty beyond a reasonable doubt.’
 Substantial evidence must do more than raise suspicion or speculation.
 We consider all record evidence not just the evidence supporting
 guilt when we make sufficiency-of-the-evidence determinations.
 However, in making such determinations, we also view the ‘evidence in
 the light most favorable to the State, including legitimate inferences
 and presumptions that may fairly and reasonably be deduced from the
 record evidence.’ ”

State v. Williams, 695 N.W.2d 23, 27 (Iowa 2005) (quoting State v. Quinn,
691 N.W.2d 403, 407 (Iowa 2005)).
 III. Discussion
 A sufficiency-of-evidence claim on appeal not only requires us to
review all the relevant evidence, but also the governing law. Ultimately,
we must apply the law to the evidence to determine if the evidence is
sufficient to support the conviction.
 Section 711.1 defines robbery as follows:

 A person commits a robbery when, having the intent to commit a
 theft, the person does any of the following acts to assist or further
 the commission of the intended theft or the person’s escape from the
 scene thereof with or without the stolen property:

 1.  Commits an assault upon another.

 2.  Threatens another with or purposely puts another in fear of
 immediate serious injury.
 3. Threatens to commit immediately any forcible felony.

 It is immaterial to the question of guilt or innocence of
 robbery that property was or was not actually stolen.

Iowa Code § 711.1. The State charged Keeton under the first paragraph of
the statute, commission of an assault. The State claimed at trial that
Keeton committed an assault on the store clerk in furtherance of his escape
from the convenience store.
 We look to the definition of assault in section 708.1 to consider
whether a robbery occurred under section 711.1(1). See State v. Spears,
312 N.W.2d 79, 80 (Iowa 1981). Section 708.1 provides, in relevant part:

 An assault as defined in this section is a general intent crime.
 A person commits an assault when, without justification, the person
 does any of the following:

 1.  Any act which is intended to cause pain or injury to, or
 which is intended to result in physical contact which will be
 insulting or offensive to another, coupled with the apparent ability
 to execute the act.

 2.  Any act which is intended to place another in fear of
 immediate physical contact which will be painful, injurious,
 insulting, or offensive, coupled with the apparent ability to execute
 the act.

 3.  Intentionally points any firearm toward another, or displays
 in a threatening manner any dangerous weapon toward another.

Iowa Code § 708.1. In this case, the State relied upon the first two
alternatives of assault, and the district court found Keeton committed
assault under both alternatives.
 Although the State asks us to resolve the sufficiency-of-evidence
claim by considering section 708.1(1)-(2) to only require a general intent
element, the specific issue on appeal in this case only requires us to
decide if the evidence in the case satisfies the statutory elements of the
crime of assault. This question can be decided without considering whether
the statutory language used to define the crime of assault requires a
specific or general intent. See In re M.S., 896 P.2d 1365, 1383-84 (Cal.
1995) (Mosk, J., concurring) (“Indeed, ‘specific intent’ and ‘general
intent’ do not define criminal mental states. Rather, they are essentially
‘labels’ attached to particular crimes to identify them as admitting
(‘specific intent’) or not admitting (‘general intent’) the defense of
voluntary intoxication. There is no need to attach one of the labels here.
 The issue is not implicated before this court. Indeed, there is a need
not to attach either label. ‘Specific intent’ and ‘general intent’ have
been ‘ “notoriously difficult . . . to define and apply,” ’ and ‘have
proved to be mischievous.’ ” (Citations omitted.)); Scott A. Anderegg,
Note, The Voluntary Intoxication Defense in Iowa, 73 Iowa L. Rev. 935, 935
(1988) (noting confusion regarding concepts of specific and general
intent); see also Model Penal Code § 2.02, at 230 & n.3 (1985) (stating the
Model Penal Code employed four culpability distinctions in lieu of the
specific-intent/general-intent dichotomy, “which has been such an abiding
source of confusion and ambiguity in the penal law”).
 We understand the need for answers to important legal questions faced
by the bench and bar. However, fundamental principles of judicial
restraint limit our role to deciding each case on the issues presented, and
we refrain from deciding issues not presented by the facts. Williams, 695
N.W.2d at 30. We explained the need to resolve legal issues based on facts
in Williams:

 [W]e recognize the law to be an evolving process that often makes the
 resolution of legal questions a composite of several cases, from which
 appellate courts can gain a better view of the puzzle before arranging
 all the pieces. The wisdom of this process has been revealed time and
 again, and we continue to subscribe to it today.

Id.
 Accordingly, we decline to revisit the issue whether assault is a
general- or specific-intent crime in this case. Regardless of which label
is attached to the offense, the State was still required to prove Keeton
possessed the mens rea required by the statute, and we turn to decide if it
did so. State v. Taylor, 689 N.W.2d 116, 132 (Iowa 2004) (“[R]egardless of
whether assault is a specific intent or general intent crime, the State
must prove by evidence beyond a reasonable doubt that the defendant
intended his act to cause pain or injury to the victim or to result in
physical contact that would be insulting or offensive to the victim.”);
State v. Bedard, 668 N.W.2d 598, 601 (Iowa 2003) (“The intent elements
discussed in Heard remain as part of the definition of the offense and
continue to be matters that the State must prove by evidence beyond a
reasonable doubt.”), cert. denied, 543 U.S. 932, 125 S. Ct. 336, 160 L. Ed.
2d 234 (2004). The State had to prove that Keeton did an act he intended
either: (1) to cause the clerk pain or injury, (2) to make insulting or
offensive physical contact with the clerk, or (3) to make the clerk fear
immediate painful, injurious, insulting, or offensive physical contact.
Iowa Code § 708.1(1)-(2). We turn to the evidence in the record that bears
upon this intent element.
 Keeton testified that he did not intend to touch, hurt, insult, or
offend the clerk. However, intent required by the statute “may be inferred
from the circumstances of the transaction and the actions of the
defendant.” 21 Am. Jur. 2d Criminal Law § 128, at 214-15 (1998); see also
Taylor, 689 N.W.2d at 132 (“[A]n actor will ordinarily be viewed as
intending the natural and probable consequences that usually follow from
his or her voluntary act.” (citing Bedard, 668 N.W.2d at 601)).
 We begin by considering the actions of the parties to the incident.
The surveillance video of the incident offered into evidence at trial
showed that the clerk blocked one of the double doors as Keeton tried to
exit by standing in front of the door. After the clerk attempted to
retrieve the money, Keeton moved in the direction of the other door to
exit, and the clerk lunged in front of that door to block Keeton from
leaving. Keeton then backed up and began to walk toward the clerk with his
hand extended, holding the money. He then pulled his hand to his chest at
the same time as the clerk moved off to the side of the doors to permit
Keeton to exit.
 This evidence could support an inference of intent to place the clerk
in fear of immediate physical contact that would be painful, injurious,
insulting, or offensive. Similarly, the evidence could support an
inference that the actions of Keeton were intended to result in physical
contact which would be insulting or offensive to the clerk. Keeton wanted
to leave the store, and his outstretched hand could evidence his intent to
push the clerk out of his path.
 Furthermore, the testimony of Keeton and the testimony of the clerk at
trial provided further evidence of the intent to support the conviction
under the statute. The clerk testified she felt Keeton was “bound and
determined to keep the money,” and she realized there was “no way” she
could keep him from leaving. While this testimony is not dispositive,
these perceptions are properly considered in determining intent. See
Spears, 312 N.W.2d at 81 (stating the fact that the victim “may or may not
have been afraid of the victim is not dispositive” and that the focus of
the assault statute is on the defendant, not the victim); 6 Am. Jur. 2d
Assault and Battery § 18, at 25 (1999) (“Some courts have held that the
requisite intent can be inferred from evidence that the complainant was in
fear of imminent serious bodily injury, and that he felt it was the
defendant’s intention to so place him.”). Moreover, Keeton acknowledged on
cross-examination that he “would have pushed past [the clerk] and went out
the door” if the clerk failed to move from the exit. Although Keeton tried
to retract this testimony on redirect examination, it was nevertheless
evidence of intent.
 We conclude that the record, viewed in the light most favorable to the
State, reveals substantial evidence to satisfy the intent element of the
crime of assault under section 708.1(1) and (2). Furthermore, the same
evidence supports the conclusion that Keeton committed an overt act in
furtherance of that intent. See Iowa Code § 708.1 (requiring an act);
Heard, 636 N.W.2d at 230 (“Assault requires an overt act.” (citing State v.
Smith, 309 N.W.2d 454, 457 (Iowa 1981))); 6 Am. Jur. 2d Assault and Battery
§ 24, at 29 (“When an assault is defined as an attempt to commit a battery,
the overt act, to be sufficient to support a charge of assault, must be a
direct, ineffectual act toward the commission of a battery. When an
unequivocal purpose of violence is accompanied by any act which, if not
stopped or diverted, will result in personal injury, the execution of the
purpose to commit a battery has begun and is enough to constitute a
criminal assault.”). The final element of assault—that Keeton had the
apparent ability to do the act—is not disputed on appeal.
 We understand Keeton’s argument that he was only attempting to leave
the store to complete his theft, not to commit an assault. Yet, this is
not a case where proof of intent depends upon a single piece of evidence
from which two reasonable inferences could be drawn. See State v.
Truesdell, 679 N.W.2d 611, 618-19 (Iowa 2004) (“[W]hen two reasonable
inferences can be drawn from a piece of evidence, we believe such evidence
only gives rise to a suspicion, and, without additional evidence, is
insufficient to support guilt.” (Citations omitted; emphasis added.)). The
multiple actions of the participants in this case and the inferences
derived from those actions, as well as their testimony, are together
sufficient to support a finding of the intent element of an assault under
our statutory definition. The success of Keeton’s claim at trial hinged on
the facts as viewed by the fact-finder, and it is not for us to interfere
with the finding made when supported by substantial evidence, even though
the evidence may have also supported a finding favorable to the defendant.
See Chrysler Fin. Co. v. Bergstrom, 703 N.W.2d 415, 418 (Iowa 2005)
(“ ‘ “Evidence is not insubstantial merely because we may draw different
conclusions from it; the ultimate question is whether it supports the
finding actually made, not whether the evidence would support a different
finding.” ’ ” (quoting Fischer v. City of Sioux City, 695 N.W.2d 31, 33-34
(Iowa 2005); citing 5 Am. Jur. 2d Appellate Review § 666, at 340 (1995)));
State v. Axline, 450 N.W.2d 857, 860 (Iowa 1990) (affirming because
although the evidence could have supported a different conclusion than that
reached by the district court, there was substantial evidence to support
the conclusion actually reached).
 Keeton does not challenge the sufficiency of the evidence on the other
elements of robbery. Therefore, we need not consider them.
 IV. Conclusion
 We conclude there was substantial evidence presented at trial that
Keeton committed an assault on the clerk. We affirm his conviction for
robbery in the second degree.
 AFFIRMED.