# IN THE SUPREME COURT OF IOWA

No. 07–0999

Filed July 30, 2010

**STATE OF IOWA,**

Appellee,

vs.

**EMMANUEL FOUNTAIN,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Story County, Lawrence E. Jahn, Judge.

The defendant appeals from his conviction for the offense of domestic abuse assault causing bodily injury, claiming jury instruction error. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Stephen Holmes, County Attorney, and Keisha Cretsinger, Assistant County Attorney, for appellee.

**BAKER, Justice**.

The defendant, Emmanuel Fountain, appeals from his conviction for the offense of domestic abuse assault causing bodily injury. He contends his counsel was ineffective in failing to request a specific intent instruction. Fountain argues that with a specific intent instruction the jury may have found that he did not intend to make any insulting or offensive physical contact with his then girlfriend, Levita Alexander. We conclude the trial court erred in failing to give a specific intent instruction because the crime of assault includes a specific intent element; however, because we cannot determine whether Fountain's counsel was ineffective on this record, we preserve any claim based on ineffective assistance of counsel for postconviction relief. On this record, Fountain's conviction is hereby affirmed.

## I. Background Facts and Proceedings.

In October and November of 2006, Levita Alexander and Emmanuel Fountain lived together in an Ames apartment. Sometime in November, Alexander decided to end the relationship and moved out of the apartment. At the time, Alexander and Fountain had one child together, four-month old Carmello, and Alexander was expecting their second child. On December 26, 2006, Alexander and Carmello returned to the apartment they once shared with Fountain to retrieve Alexander's belongings. At approximately 5:40 a.m. on December 27, a 911 call was made alleging Fountain had assaulted Alexander.

Fountain was charged by trial information with serious assault— domestic abuse in violation of Iowa Code sections 708.1, 708.2A(2)(*b*), and 236.2 of the Iowa Criminal Code. A jury trial was held, and the jury found Fountain guilty of domestic abuse assault causing bodily injury.

Fountain appealed. Fountain claimed he received ineffective assistance of counsel based on his attorney's failure to request a specific intent instruction. His appeal was routed to the court of appeals. The court of appeals affirmed Fountain's conviction. Fountain filed an application for further review with this court, requesting that his conviction be reversed and he be given a new trial. We granted further review.

## II. Preservation of Error.

When submitting the charges to the jury at the close of Fountain's trial, the court gave a general intent instruction. Fountain's attorney made no objection to this instruction before it was submitted to the jury and did not request an instruction on specific intent. Fountain claims the district court erred by failing to instruct the jury on specific intent because assault has a specific intent element, and he received ineffective assistance of counsel based on his attorney's failure to request such an instruction.

Normally, objections to giving or failing to give jury instructions are waived on direct appeal if not raised before counsel's closing arguments, and the instructions submitted to the jury become the law of the case. *See* Iowa R. Civ. P. 1.924; *State v. Taggart,* 430 N.W.2d 423, 425 (Iowa 1988). Fountain, however, raises failure to instruct the jury on specific intent in the context of an ineffective-assistance-of-counsel claim. Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules. *State v. Ondayog,* 722 N.W.2d 778, 784 (Iowa 2006). Fountain, therefore, may raise this claim on direct appeal. Iowa Code § 814.7(2) (2005);[1] *State v. Lucas,* 323 N.W.2d 228,

---

[1]Unless otherwise specified, citations to the Iowa Code refer to the 2005 version.

232 (Iowa 1982). If a claim of ineffective assistance of counsel is raised on direct appeal from the criminal proceedings, the court may address it if the record is adequate to decide the claim. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). If the record is not adequate, the defendant may raise the claim in a postconviction action. Iowa Code § 814.7(3).

**III. Merits.**

**A. Analytical Framework.** Fountain's erroneous instruction claim is raised in the context of an ineffective-assistance-of-counsel claim. Thus, we must decide whether it can be determined as a matter of law that Fountain's counsel was ineffective in failing to request a specific intent jury instruction on Fountain's domestic abuse assault charge and whether the record demonstrates Fountain was prejudiced because of this error. *Graves*, 668 N.W.2d at 869. Counsel has no duty to raise an issue that has no merit. *State v. Wills*, 696 N.W.2d 20, 24 (Iowa 2005). Therefore, we must first "assess whether the record demonstrates, as a matter of law, the existence or absence of a meritorious [claim]" or error. *Graves*, 668 N.W.2d at 869.

**B. Specific Intent Instruction.** Fountain was charged with domestic abuse assault causing bodily injury. At trial, the jury was given a general intent instruction. Fountain claims this instruction was erroneous, because assault is a crime of specific intent, not general intent.

1. *Iowa Code section 708.1.* Assault is defined in section 708.1 of the Iowa Code. That statute provides in pertinent part:

> An assault as defined in this section is a general intent crime. A person commits an assault when, without justification, the person does any of the following:

1.   Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

2.   Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

. . . .

2.   *Jury Instructions.*   At Fountain's trial, the court gave the following general intent instruction:

To commit a crime a person must intend to do an act which is against the law.  While it is not necessary that a person knows the act is against the law, it is necessary that the person was aware he was doing the act and he did it voluntarily, not by mistake or accident.  You may, but are not required to, conclude a person intends the natural results of his acts.

Fountain contends that assault is a specific intent crime, and the trial court should have given Iowa Criminal Jury Instruction 200.2 published by the Iowa State Bar Association.  This instruction reads:

"Specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind.

Because determining the defendant's specific intent requires you to decide what [he] [she] was thinking when an act was done, it is seldom capable of direct proof.  Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent.  You may, but are not required to, conclude a person intends the natural results of [his] [her] acts.

Iowa Bar Ass'n, *Iowa Crim. Jury Instructions* 200.2 (*available at* http://iabar.net).

"General intent is only the intention to make the bodily movement that constitutes the act that the crime requires," while specific intent requires an act calculated to produce a result that the law forbids.  21

Am. Jur. 2d *Criminal Law* §§ 118, 119 at 221–22 (2008). We have recognized a similar distinction between the two types of intent:

> "Specific intent is present when from the circumstances the offender must have subjectively desired the prohibited result. General intent exists when from the circumstances the prohibited result may reasonably be expected to follow from the offender's voluntary act, irrespective of any subjective desire to have accomplished such result."

*State v. Redmon,* 244 N.W.2d 792, 797 (Iowa 1976) (quoting 1 H.C. Underhill*, Underhill's Criminal Evidence* § 55 (6th ed. 1973)).

3. *Iowa Case Law.* Under the common law, Iowa courts defined assault as "an attempt to apply unlawful physical force to the person of another, coupled with the apparent present ability to execute the [act]." *State v. Straub,* 190 Iowa 800, 801, 180 N.W. 869, 869 (1921). Under this definition, assault was defined as a general intent crime. *See Redmon,* 244 N.W.2d at 797.

In 1976, the Iowa legislature enacted Iowa Code section 708.1 containing its current elements. *See* 1976 Iowa Acts ch. 1245(1), § 801 (codified at Iowa Code § 708.1 (1979)). This section became effective January 1, 1978.[2] *Id.* ch. 1245(4), § 529. It was at this time the legislature added the requirement that the act constituting assault must be done with the intent to make physical contact that is insulting or offensive to another. Iowa Code § 708.1(1) (1979). Despite the inclusion of specific intent elements, we continued to hold that assault remained a general intent crime even after the legislature amended the statute to its current form. *See, e.g., State v. Ogan,* 497 N.W.2d 902, 903 (Iowa 1993),

---

[2]Prior to 1976, simple assault was not defined in the Iowa Code. In the 1975 Iowa Code, section 694.1 outlined possible punishments for a conviction of assault and assault and battery, but it did not define the necessary elements of assault. Iowa Code § 694.1 (1975).

*overruled by State v. Heard*, 636 N.W.2d 227, 231 (Iowa 2001); *State v. Brown*, 376 N.W.2d 910, 913–15 (Iowa Ct. App. 1985).

In *Heard*, we overruled prior precedent and determined that based on the statutory elements, an assault under Iowa Code section 708.1(2) included a specific intent element. *Heard*, 636 N.W.2d at 231. We held that the definition of assault contained in the Iowa Code required an action done with the "intent to achieve some additional consequence so as to qualify as a specific-intent crime." *Id.* at 232.

Four months after the *Heard* decision, the Iowa legislature amended the assault statute, adding the following sentence: "An assault as defined in this section is a general intent crime." 2002 Iowa Acts ch. 1094, § 1 (codified at Iowa Code § 708.1 (2003)). This amendment was in response to the *Heard* decision. H.F. 2546 Explanation, 79th Gen. Assem., Reg. Sess. (Iowa 2001). A year later, we addressed the effect of this amendment on the definition of assault. *See State v. Bedard*, 668 N.W.2d 598, 601 (Iowa 2003). In *Bedard*, we concluded the "amendment did not alter the substantive content of the statute as it pertains to the elements of the crime." *Id.*

Since 2003, we have had the opportunity to address the intent requirement for assault multiple times. *See State v. Keeton*, 710 N.W.2d 531, 533 (Iowa 2006); *State v. Taylor*, 689 N.W.2d 116, 132 (Iowa 2004). In each of these cases, including the most recent case involving this issue, *Wyatt v. Iowa Department of Human Services*, 744 N.W.2d 89, 94 (Iowa 2008), we focused on the elements of the crime. In each of these cases, we found that regardless of the specific label attached to the crime—specific intent or general intent—the state must prove the elements of the crime and their accompanying mens rea beyond a reasonable doubt. *See, e.g., Keeton*, 710 N.W.2d at 534.

The elements of assault under Iowa Code section 708.1 have not changed since our decision in *Heard.* Under this section, a defendant must commit an act that he intends to cause pain or injury to the victim or to result in physical contact that would be insulting or offensive to the victim or to place the victim in fear of physical contact that will be injurious or offensive. Iowa Code § 708.1(1), (2). Because the elements of these assault alternatives include an act that is done to achieve the additional consequence of causing the victim pain, injury or offensive physical contact, the crime includes a specific intent component. *See Heard,* 636 N.W.2d at 231–32. Therefore, we adhere to our prior decisions holding that the 2002 amendment "did not alter the substantive content of the statute." *Bedard,* 668 N.W.2d at 601.

Our conclusion that assault includes an element of specific intent is not inconsistent with the legislature's action in amending the statute. As we discussed, the legislature did not change the elements of an assault; it merely designated assault as a general intent crime. In criminal law, the designation of an offense as a general intent crime may carry with it certain consequences. Although we do not decide the effect or constitutionality of this amendment to the assault statute, we believe the amendment was simply an attempt to prevent a defendant charged with assault from relying on the defenses of intoxication and diminished capacity. *Heard,* 636 N.W.2d at 233–34 (Neuman, J., concurring) (stating "the defenses of intoxication and diminished responsibility . . . are pertinent only to the specific-intent elements of a crime"); *see also Keeton,* 710 N.W.2d at 533; *Redmon,* 244 N.W.2d at 797; *Brown,* 376 N.W.2d at 914–15.

Fountain is correct that the trial court erred in failing to instruct on specific intent because the crime of assault includes a specific intent element.

**C. Ineffective Assistance of Counsel.** Having found merit in Fountain's claim that the trial court should have given a jury instruction on specific intent, we must now address Fountain's contention that his counsel was ineffective for failing to request a specific intent instruction.

The right to assistance of counsel under the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa Constitution is the right to "effective" assistance of counsel. *Ondayog*, 722 N.W.2d at 784. To establish a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of the evidence: (1) that trial counsel failed to perform an essential duty, and (2) that prejudice resulted from this failure. *State v. Lane*, 743 N.W.2d 178, 183 (Iowa 2007). The claim fails if the defendant is unable to prove either element of this test. *Id.* at 184.

Fountain's counsel did not request a specific intent instruction even though numerous Iowa Supreme Court opinions have unequivocally stated that assault includes an element of specific intent. "While there is a strong presumption of counsel's competence, that presumption is not absolute or irrebutable." *State v. Effler*, 769 N.W.2d 880, 897 (Iowa 2009) (Appel, J., specially concurring) (citing *Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1998)). The question we must answer "is whether a normally competent attorney could have concluded that the question . . . was not worth raising." *State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982). In *Graves*, we used this standard to determine that counsel should have challenged prosecutorial use of "liar" and similar phraseology to brand a criminal defendant. *Graves*, 668 N.W.2d at 881–

82. As noted in a special concurrence in *Effler*, "*Graves* stands for the proposition that a competent lawyer must stay abreast of legal developments." *Effler*, 769 N.W.2d at 897.

Notwithstanding the legislature's amendment of the assault statute, we have clearly and repeatedly stated, that as the statute currently reads, assault includes an element of specific intent. *See Wyatt*, 744 N.W.2d at 94; *Keeton*, 710 N.W.2d at 533–34; *Taylor*, 689 N.W.2d at 132; *Bedard*, 668 N.W.2d at 601; *Heard*, 636 N.W.2d at 231. In addition, at the start of the trial, the judge stated:

> We're still faced with the question of whether there ought to be a specific intent instruction on the assault. The Legislature defines assault as a general intent crime. There will certainly be an intent instruction. I believe in my set of instructions I have right now, I have not given [a] specific intent instruction, so if you want one, let me know on that.

In *Schoelerman*, this court declared that "[a] normally competent attorney . . . should either be familiar with the basic provisions of the criminal code, or should make an effort to acquaint himself with those provisions which may be applicable to the criminal acts allegedly committed by his client." *Schoelerman*, 315 N.W.2d at 71–72. The same is true of case law. *See Graves*, 668 N.W.2d at 882. Fountain's attorney should have been aware of the case law declaring that assault includes an element of specific intent.

In addressing ineffective-assistance-of-counsel claims alleging the use of an unreasonable trial strategy, however, we have stated:

> [C]laims of ineffective assistance involving tactical or strategic decisions of counsel must be examined in light of all the circumstances to ascertain whether the actions were a product of tactics or inattention to the responsibilities of an attorney . . . .

*Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "While strategic decisions made after [a] 'thorough investigation of law and facts relevant to plausible options are virtually unchallengable,'" trial strategies based on an investigation that is "'less than complete'" for the difficulty of the issues presented is susceptible to claims of ineffective assistance of counsel. *Ledezma*, 626 N.W.2d at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 690–91, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674, 695 (1984)).

After reviewing the facts of this case and the evidence presented, we conclude only trial strategy could explain counsel's failure to request a specific intent instruction, as specific intent is a higher burden for the state to prove. It appears to be undisputed that Fountain and Alexander had consensual sex twice on the night in question, and it was not until the third sexual encounter that an assault was alleged; however, it is unclear whether the prosecution was alleging that the assault was incidental to the third sexual encounter or whether the assault was alleged to be a separate act unrelated to the sexual encounter. If the assault was alleged to be incidental to the sexual encounter a specific intent instruction may have aided Fountain's defense. On the other hand, if an assault separate from the sex was alleged and the defense was simply that it did not occur, the distinction between a general intent instruction and a specific intent instruction may not have aided Fountain. If the defense strategy is to deny that any assaultive contact occurred, the individual elements of assault become unimportant.

Fountain never disputed that multiple physical encounters occurred, but we cannot determine whether the defense strategy was to deny that any assault occurred and argue that Alexander simply made up the assault for reasons related to the custody of her son or was to

contend that the alleged injuries were merely the unintended byproduct of the sexual encounter. On appeal and at trial, Fountain's counsel simply advanced the argument that the elements of an assault were not present.

We, however, are once again confronted with the situation where we may have been able to decide this issue based on the record below, but cannot because the record simply does not exist as neither the opening statement nor the closing argument were reported. Both opening statements and closing arguments are revealing of a party's strategy and may be necessary for this court to adequately review the performance of counsel. We will not speculate about the tack taken at trial in assessing whether a given strategy was either adequate or prejudicial. Because neither argument was reported, we cannot determine either the prosecution's theory of the case or the nature of the defense strategy.[3]

"[P]ostconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance." *Ondayog*, 722 N.W.2d at 786. Such is the case here. Although trial counsel failed to request the proper instruction, we are unable on this record to assess whether the failure constituted ineffective assistance of counsel. We therefore preserve this claim for possible postconviction proceedings.

**IV. Disposition.**

We find that the trial court's failure to give a specific intent instruction was error; however, because we cannot determine whether

---

[3]For the reasons outlined above, we have recently amended Iowa Rule of Criminal Procedure 2.19(4) to require the reporting of opening statements and closing arguments in criminal proceedings. *See* 2010 Iowa Ct. Order 0012 (effective August 16, 2010).

Fountain's counsel was ineffective on this record, we preserve any claim based on ineffective assistance of counsel for postconviction relief. On this record, Fountain's conviction is hereby affirmed.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**