# IN THE COURT OF APPEALS OF IOWA

No. 14-0983
Filed June 10, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MORGAN RANDALL LANG,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Stephen C. Gerard II, District Associate Judge.

The defendant appeals from the judgment and sentence entered upon his conviction of assault on a peace officer causing injury. **AFFIRMED.**

Thomas J. Viner of Viner Law Firm P.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Janet M. Lyness, County Attorney, and Elizabeth K. Dupuich, Assistant County Attorney, for appellee.

Considered by Tabor, P.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Morgan Randall Lang appeals from the judgment and sentence entered upon his conviction of assault on a peace officer causing injury. He contends his trial counsel was ineffective in the manner in which she presented his intoxication defense. He also contends the court failed to make specific findings to support the sentence imposed.

### I. Background Facts and Proceedings.

At approximately 4:00 a.m. on April 16, 2013, Johnson County Sheriff Deputies Libby Vriezelaar and Cory Wolf were investigating a call regarding screaming in an apartment building. When they knocked on Lang's apartment, Lang's teenage son answered and explained Lang was "flipping out," which had awakened him and another teenager in the apartment. The deputies were let into the apartment and observed an empty bottle of Black Velvet on the counter, which Lang's son confirmed Lang had drunk. They found Lang lying on the floor between his bedroom and bathroom, apparently intoxicated and unconscious.

The deputies began to leave the apartment building after determining Lang and the teenagers were okay when they heard "extremely loud screaming" from inside. They returned to the apartment in an attempt to quiet Lang, who continued yelling and shouted obscenities at both deputies. Lang was warned several times that if he did not quiet down, he would be arrested for disorderly conduct. Although Lang stated he did not want to go to jail, he continued screaming.

When the deputies attempted to arrest and handcuff Lang, he bit Deputy Vriezelaar's left wrist. Deputy Vriezelaar reported she felt immediate pain and

struck Lang several times in the head in an attempt to get him to release her. Deputy Wolf struck Lang with his knee several times before Lang stopped biting. Although her wrist was covered by two layers of clothing and a glove, Lang broke Deputy Vriezelaar's skin. Once Lang was placed in custody, she checked the injured area and found it was red and purple, and swelling.

Lang vomited in the back of Deputy Wolf's squad car while in route to the Johnson County Jail, so he was transported to the hospital where he was treated for alcohol poisoning. Deputy Vriezelaar also sought medical treatment at the hospital for her injury and was prescribed an antibiotic. The injury became infected, and a second round of antibiotic treatment was necessary. Deputy Vriezelaar had to submit to blood draws over the next six to eight months to be tested for transmissible diseases.

The State charged Lang with assault on a peace officer causing injury on May 14, 2013. Lang pled not guilty. His counsel withdrew representation on January 13, 2014, and new counsel filed an appearance on March 17, 2014. Lang filed a waiver of speedy trial, and on April 14, 2014, filed an application for late filing of a notice of intoxication defense.

A trial was held on May 6 and 7, 2014. At the close of evidence, the jury found Lang guilty as charged. He was sentenced to ninety days in jail, fined $625, and ordered to pay a surcharge, court costs, and victim restitution.

**II. Ineffective Assistance of Counsel.**

Lang first contends his trial counsel was ineffective in the manner in which she presented his intoxication defense. Specifically, he argues his trial counsel's cross-examination of Deputies Vriezelaar and Wolf was too limited. He also

argues her mention of his intoxication defense and the jury instruction on intoxication during closing argument were "so limited as to keep [him] from having a viable chance of success at trial."

We review ineffective assistance of counsel claims de novo. *State v. Ross*, 845 N.W.2d 692, 697 (Iowa 2014). To succeed on his claim, Lang must show counsel's performance was deficient and a reasonable probability that the outcome of the proceeding would have differed but for counsel's errors. *See id.* at 697-98. Typically, we preserve ineffective-assistance claims for postconviction relief proceedings, but we will address them on direct appeal when the record is adequate. *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).

Intoxication is a defense only if it renders a person incapable of forming the specific intent necessary to commit a crime. *See State v. Cordero*, 861 N.W.2d 253, ___ (Iowa 2015). A defendant has the specific intent to commit a criminal assault if the defendant commits an act "intended to cause pain or injury to . . . another." Iowa Code § 708.1(1)(a) (2013). "Such intent is seldom capable of direct proof, but may be shown by reasonable inferences drawn from facts established." *State v. Chatterson*, 259 N.W.2d 766, 769-70 (Iowa 1977). "[D]efendants will ordinarily be viewed as intending the natural and probable consequences that ordinarily follow from their voluntary acts." *State v. Bedard*, 668 N.W.2d 598, 601 (Iowa 2003).

Even assuming counsel failed to adequately present Lang's intoxication defense, Lang cannot show he was prejudiced by this failure. It is reasonable to infer Lang intended to cause injury or pain to Deputy Vriezelaar by biting her when he bit her with enough force to bruise her arm and puncture the skin

through three layers of protective fabric. He did not release her from his bite until she hit him several times in the head and Deputy Wolf stuck him several times with his knee. A reasonable factfinder could conclude Lang intended the natural consequences of his act.

### III. Sentence.

Lang also contends the district court failed to make specific findings to support the sentence imposed.[1] We review sentencing decisions for an abuse of discretion. *See State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* There is a strong presumption in favor of the trial court's sentencing decisions. *Id.*

The court must determine each sentence on an individual basis and fit the sentence to the defendant. *Id.* at 555. The goal is to determine which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. The factors to be considered in making this determination include the defendant's age, prior record of convictions and deferred judgments, employment and family circumstances, and mental health and substance abuse history, as well as the nature of the offense committed and "[s]uch other factors as are appropriate." *Id.* § 907.5(1).

---

[1] Lang also asserts he is entitled to resentencing because the court failed to advise him of the minimum and maximum penalties and ask if he was under the influence of drugs or alcohol at the time of sentencing. Both are required when a defendant pleads guilty to ensure the plea is knowing and voluntary. *See* Iowa R. Crim. P. 2.8(2). Because Lang did not plead guilty, we find no merit to his claim.

Lang argues the court failed to make findings as to how the sentence was appropriate and how it would protect the community. He further argues the court failed to address his age, education, employment and family situation, or other potentially mitigating factors. Instead, the court based its sentence on "the aggravating nature of the biting behavior which caused the injury in this case."

While the nature of the offense alone is not determinative of a sentence, the seriousness and gravity of the offense is an important factor to be considered. *Hopkins*, 860 N.W.2d at 555. Here, the court noted the facts and circumstances of the case "are really quite troubling," noting it was "an event that didn't need to happen" and finding the biting to be the most troubling component of the crime. The court explained:

> I understand and see on literally a daily basis defendants who struggle with law enforcement officers when they don't like what's happening to them. I see on at least a weekly basis defendants who carry the struggling and resisting to the point of becoming assaultive. The number of defendants who have bitten officers to the point of drawing blood and breaking the skin, very, very infrequent.

The court went on to note "biting is one of those things that doesn't happen accidentally. It happens on purpose." Unlike in those situations where a defendant may be flailing around and cause an injury by accidentally striking someone, "biting requires the opportunity, the motivation, and the evidence in this case of a willingness to inflict the injury by not letting go." Additionally, the court considered the worry Lang caused to Deputy Vriezelaar regarding the transmission of communicable disease and the risk of infection. The court gave sufficient reasons for the sentence imposed, and no abuse of discretion has been shown. *See State v. Mehner*, 480 N.W.2d 872, 879 (Iowa 1992) (finding the

record demonstrated that the court appropriately weighed a number of factors and made a sufficient statement of its reasons for imposing the enhanced penalties and consecutive sentences on a defendant convicted of two counts of delivery of cocaine and one count of possession with intent to deliver where the court recognized the serious and dangerous nature of the crime, cited the number of years the defendant had been a cocaine dealer and the fact he was in possession of a firearm, and stated it was not considering the defendant's previous minor infractions).

**AFFIRMED.**