# IN THE COURT OF APPEALS OF IOWA

No. 19-0148
Filed June 3, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL WEDGWOOD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joel E. Dalrymple, Judge.


        Michael Wedgwood appeals his conviction and sentence for assault on a peace officer and interference with official acts resulting in bodily injury. **CONVICTIONS AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**


        Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., Ahlers, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

Michael Wedgwood appeals his conviction and sentence for assault on a peace officer and interference with official acts resulting in bodily injury. He argues the district court erred in instructing the jury and in ordering restitution without considering his reasonable ability to pay. We affirm his convictions, vacate the restitution order, and remand for resentencing.

## I.       Background Facts and Proceedings.

On the evening of October 17, 2017, Officer Alexander Bovy with the Waterloo Police Department was on patrol while wearing his police uniform and driving a fully marked police vehicle. Shortly before midnight, he initiated a traffic stop on a vehicle with a non-functioning headlight. He walked to the driver's side of the vehicle and found two occupants, later identified as Michael Wedgwood in the driver's seat and his brother Jonathan Wedgwood in the front passenger seat. When Officer Bovy looked into the vehicle, he saw a handgun in plain view between Michael's right leg and the center console. Officer Kyle Jurgensen, who was also wearing his police uniform and driving a fully marked police vehicle, arrived to assist.

Officer Bovy instructed Michael to exit the vehicle. Michael stepped out of his vehicle, allowed Officer Bovy to pat him down, and waited behind his vehicle as instructed without issue. Next, Officer Jurgensen instructed Jonathan to exit the vehicle with his hands in front of him. Jonathan reached toward his midsection as he moved, so Officer Jurgensen grabbed Jonathan's hands and physically directed him out of the vehicle. Michael approached Officer Jurgensen and Jonathan, but he stepped back when Officer Bovy told him to do so. Officer

Jurgensen then placed Jonathan in handcuffs to detain him for safety. The Wedgwoods began questioning the officers' actions, and the officers answered, stating their legal authority for stopping and investigating them. Officer Jurgensen tried to pat down Jonathan, but Jonathan resisted and turned away. In response, Officer Jurgensen braced Jonathan against the vehicle to complete the pat down. Michael moved toward the two and verbally refused Officer Bovy's command to step back. Officer Bovy attempted to place Michael in handcuffs to detain him, but Michael pulled away and hit Officer Bovy in the shoulder. Michael continued to struggle with Officer Bovy, which resulted in injury to the officer's thumb. Officer Jurgensen eventually used a stun gun on Michael before the officers could physically detain and arrest both Michael and Jonathan.

Michael and Jonathan faced criminal charges from the encounter and were tried together before a jury beginning November 27, 2018. The jury found Michael guilty of assault on a peace officer and interference with official acts resulting in bodily injury.[1] The court sentenced him to a 180-day term of incarceration with all but ten days suspended for each count, run concurrently, plus restitution. He now appeals.

## II. Standard of Review

"[W]e review challenges to jury instructions for correction of errors at law." *State v. Benson*, 919 N.W.2d 237, 241 (Iowa 2018) (quoting *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016)). "We also 'review refusals to give a

---

[1] As a codefendant in the same trial, Jonathan was convicted of assault on a peace officer, interference with official acts resulting in bodily injury, and possession of a controlled substance (marijuana). Jonathan is not party to this appeal.

requested jury instruction for correction of errors at law.'" *Id.* at 242 (quoting *Alcala*, 880 N.W.2d at 707). "We review restitution orders for correction of errors at law." *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019).

### III. Jury Instructions

Michael's proposed jury instructions included language on the justification of self-defense and defense of others. *See* Iowa Code § 704.3 (2017) ("A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any actual or imminent use of unlawful force."). Most significantly, he proposed the following instruction on justification:

> The defendant claims he acted with justification.
> A person may use reasonable force to prevent injury to a person, including the defendant.
> The use of this force is known as justification.
> Reasonable force is only the amount of force a reasonable person would find necessary to use under the circumstances to prevent injury.
> The State must prove the defendant was not acting with justification.

The district court rejected Michael's language, ruling not enough evidence had been offered to support his proposed instructions. Instead, the court adopted Instruction No. 31 on the use of force while being detained or arrested:

> A person is not authorized to use force to resist an arrest or detention, either of the person's self, or another which the person knows is being made by a peace officer, even if the person believes that the arrest or detention is unlawful or the arrest or detention is in fact unlawful.

The jury found Michael guilty of assault on a peace officer[2] and interference with official acts resulting in bodily injury.[3]  Michael asserts the district court erred in submitting this language to the jury and rejecting his language on justification.

"Erroneous jury instructions warrant 'reversal when prejudice results.'" *Benson*, 919 N.W.2d at 241 (quoting *State v. Coleman*, 907 N.W.2d 124, 138 (Iowa 2018)).  "Prejudice results when jury instructions mislead the jury or materially misstate the law."  *Id.* at 241–42.  We consider the jury instructions as a whole rather than in isolation to determine whether they correctly state the law.  *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018).

Police officers may stop a vehicle and detain its occupants if they have "reasonable suspicion that its occupants are involved in criminal activity."  *State v. Pals*, 805 N.W.2d 767, 774 (Iowa 2011).  The police power to detain carries a right to use reasonable force if necessary.  *See State v. DeWitt*, 811 N.W.2d 460, 469 (Iowa 2012) (in the context of evaluating the reasonableness of a seizure, stating "the force used to detain a suspect during an investigatory stop must be limited to what is necessary to accomplish the goals of the detention"); *State v. Ceaser*, 585 N.W.2d 192, 194–95 (Iowa 1998) (evaluating the "reasonable force" a merchant may use to detain a suspected shoplifter under section 808.12), *overruled on other grounds by State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009).  "In general, to

---

[2] An assault "committed against a peace officer . . . by a person who knows that the person against whom the assault is committed is a peace officer . . . is a serious misdemeanor."  Iowa Code § 708.3B(4).

[3] "A person commits interference with official acts when the person knowingly resists or obstructs anyone known by the person to be a peace officer . . . in the performance of any act which is within the scope of the lawful duty or authority of that officer . . . ."  Iowa Code § 719.1(1)(a).  Interference with official acts resulting in bodily injury is a serious misdemeanor.  *Id.* § 719.1(1)(c).

be reasonable, the force applied must be proportionate to the need for the force raised by the circumstances." *DeWitt*, 811 N.W.2d at 469–70.

The record here, including videos from the officers' body cameras and police vehicles, shows the officers' use of force was proportionate at all times. After Officer Bovy noticed the handgun in the vehicle, he began to investigate whether Michael lawfully possessed the weapon. He ordered Michael to exit his vehicle, submit to a pat down, and stand behind his vehicle, to which Michael complied without incident. Officer Jurgensen then ordered Jonathan to exit his vehicle, removing Jonathan from the vehicle only after Jonathan dropped and moved his hands towards his waistband or middle area of his crotch area in violation of the officer's direction to "keep his hands out in front of him." After Jonathan resisted a pat down search, Officer Jurgensen braced him against the car. When Michael verbally refused an order to remain behind his vehicle and advanced toward Officer Jurgensen and Jonathan, Officer Bovy attempted to use force to detain Michael. Michael physically resisted the detainment, which resulted in the injury to Officer Bovy and the use of the stun gun on Michael. Under these facts, there is no basis for Michael to reasonably believe force was necessary to defend himself or others from the officers' proportionately escalating use of force in effectuating the investigatory stop. *State v. Rains*, 574 N.W.2d 904, 916 (Iowa 1998) ("Until Rains accelerated the vehicle, the encounter [with the officer] had been routine and professional. It was only when Rains accelerated and attempted to throw [the officer] from the vehicle that [the officer] responded with force in an attempt to save himself."), *overruled on other grounds by State v. Williams*, 895

N.W.2d 856, 863–67 (Iowa 2017). Therefore, the district court did not err in rejecting Michael's language on justification from the jury instructions.

Regarding Instruction No. 31, Michael asserts this language relates to section 804.12, which prohibits the use of force during arrest but does not mention detention.[4] Even if we were to conclude that section 804.12 does not apply to Michael's conduct during detention and prior to his arrest, no prejudice resulted from presenting this instruction. As explained above, the record contains no basis to conclude Michael's use of force was reasonable in response to the officers' actions. *See State v. Bedard*, 668 N.W.2d 598, 600 (Iowa 2003) ("[E]ven if . . . section 804.12 does not apply to an investigatory stop, Bedard was not authorized to attempt to strike the officer.").

## IV. Restitution

In its sentencing order, the district court ordered Michael to pay restitution.[5] He argues the court erroneously imposed restitution without considering his reasonable ability to pay.

> A court should make every effort to determine an offender's financial condition as early as possible. This may require the offender filing an updated financial statement, a colloquy with the offender, or both. A court cannot impose restitution on an offender for the items subject to the offender's reasonable ability to pay if the offender does not have a reasonable ability to pay those items.

---

[4] Iowa Code section 804.12 states:
> A person is not authorized to use force to resist an arrest, either of the person's self, or another which the person knows is being made either by a peace officer or by a private person summoned and directed by a peace officer to make the arrest, even if the person believes that the arrest is unlawful or the arrest is in fact unlawful.

[5] The restitution order included court-appointed attorney fees. During sentencing, Michael's attorney said he was privately retained.

*Albright*, 925 N.W.2d at 160. Our review of the record shows no indication the court followed this procedure or determined Michael has the reasonable ability to pay restitution.[6] The State's assertion that the court implicitly found Michael has the reasonable ability to pay does not satisfy *Albright*. Therefore, we vacate that part of the sentencing order and remand.

## V. Conclusion

The court did not err in presenting jury instructions without reference to justification. However, the court erred in ordering restitution without properly considering Michael's reasonable ability to pay. Therefore, we affirm his convictions, vacate the restitution order, and remand for resentencing on restitution.

**CONVICTIONS AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**

---

[6] We note the district court issued the sentencing order prior to *Albright* and did not have the benefit of the case and its progeny. *See generally State v. Gross*, 935 N.W.2d 695, 702 (Iowa 2019) ("We have since applied *Albright* in a number of cases.").