# IN THE COURT OF APPEALS OF IOWA

No. 14-1275
Filed July 22, 2015

**ALVIN LEE COOPER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Paul L. Macek,

Judge.


        An applicant appeals the district court's denial of his postconviction-relief

application.  **AFFIRMED.**


        Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

        Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney

General, Michael J. Walton, County Attorney, and Kelly Cunningham, Assistant

County Attorney, for appellee State.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Alvin Cooper appeals the district court's denial of his application for postconviction relief (PCR). In the PCR proceeding, one of the claims Cooper asserted was that his trial attorney was ineffective in not calling all of the alibi witnesses identified in the pretrial witness list—only two of the eight alibi witnesses testified at the criminal trial. In presenting this claim at the PCR hearing, Cooper's PCR attorney did not develop the record as to what these other six alibi witnesses would have been able to testify to at the criminal trial. Cooper asserts this failure amounts to ineffective assistance of postconviction counsel and asks that we reverse the district court's decision and remand this matter for a new PCR hearing. Because we conclude Cooper's trial attorney's decision to not call all eight alibi witnesses—after consulting with Cooper—was a reasonable strategic decision, Cooper has failed to establish his trial attorney breached an essential duty. Therefore, postconviction counsel was not ineffective in failing to develop the PCR record with the testimony of the other six alibi witnesses as that testimony only affected the prejudice element of the ineffective-assistance test.

In order to establish a claim of ineffective assistance of counsel, Cooper must prove by a preponderance of the evidence "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). Because of the constitutional nature of the claim, our review is de novo. *Id.*

Cooper was convicted of two drug offenses along with harassment and interference with official acts after a bench trial. *See State v. Cooper*, No. 05-

0934, 2006 WL 3436132, at *1 (Iowa Ct. App. Nov. 30, 2006). His defense at trial was that the person who was discarding the drugs while fleeing from police was, in fact, Cooper's brother, Irvin. *Id.* At trial, the police officers who apprehended Cooper testified they recognized it was Cooper who they have chasing, not Cooper's brother, who was several inches shorter. *Id.* at *1–2. Introduced into the trial record were photographs of both Cooper and his brother, who bare remarkably similar facial features. Also introduced was each brother's height and weight. The two alibi witnesses who testified at trial asserted Cooper was at a recording studio with them when the police chase occurred. The court did not find the testimony of these alibi witnesses credible and entered judgment against Cooper.[1] *Id.* at *2.

In preparing for the PCR hearing, Cooper's trial counsel was deposed.[2] He testified that while he did not have a specific recollection of this case, he normally did not call every witness he subpoenaed during a trial to testify—

> Sometimes I talk to them when they show up, and there is something about their testimony that would not be helpful or there is something about them, their criminal background, that would not be helpful. . . .

---

[1] Our court, on direct appeal, articulated the evidence establishing Cooper's identity as follows:

> Cooper is five feet eight inches tall. His brother, on the other hand, is five feet four inches tall. One of the officers, who is five feet eight inches tall, testified that he was eye-to-eye with the individual he encountered on November 6. Further, officers found a cap in the car in which Cooper was sitting embroidered with the name of Cooper's company on the front and "King Blue" on the back.

*Cooper*, 2006 WL 3436132, at *2. Cooper was known to one of the officers by the nickname "King Blue." *Id*. at *1.

[2] Cooper's trial counsel was ill and was not expected to be able to give live testimony at the time of the PCR trial, so an evidentiary deposition was taken. His illness, along with the medication he had to take, affected his ability to remember the details of his representation of Cooper.

So it could have been that they were there or that some of them were there, and we decided that none of them were going to offer anything better than what our two testifying witnesses had already done.

Counsel went on to testify that in his experience, calling multiple witnesses who all provide the same alibi testimony does not strengthen the case—

There is not anything to be gained if—if you have witnesses that establish what your client tells you his alibi is. If I have a client that says, I was at such and such a place from this time to that time, and I put up a couple of witnesses that can verify that, adding a third, fourth, or fifth witness typically isn't going to strengthen that alibi, not unless there was something really remarkable about the other witnesses like, yes I was there, I was holding his hand the entire time. Something that—that really makes them remarkable.

But if it's just another person, who was at the scene and saw my client from a distance, and thinks he was there most of the time, they aren't really helpful at that point.

As it was Cooper's position that he was at the recording studio at the time of the police chase, and the two defense witnesses who testified verified that alibi, it can be reasonably assumed the other six alibi witnesses on the list would have also testified to seeing Cooper at the studio on the night in question.[3] Any testimony to the contrary would have harmed, rather than helped, the defense's case. As defense counsel testified at his deposition, it is his assessment that more alibi witnesses who simply say the same thing do not strengthen the case. It is clear that the decision regarding which, and how many, witnesses were going to be called to give alibi testimony was a question of trial strategy.

The trial transcript also established that counsel consulted with Cooper after the second alibi witness testified, but before resting the defense's case—

---

[3] During their trial testimony, the two alibi witnesses who did testify identified one of the other six individuals, who was not called, as being at the recording studio on the night in question. It is thus reasonable to assume that this person, if called, would have simply corroborated the testimony of the two alibi witnesses that testified.

> [Defense Counsel]: If the Court could just give me a moment, Your Honor.
> The Court: All right.
> [Defense Counsel]: Your Honor, at this time *we have decided* that we aren't going to call any more witnesses.

(Emphasis added.) Based on the plain reading of the transcript, counsel and Cooper discussed whether any additional alibi witnesses should be called, and they made the decision not to call any more witnesses.

We agree with the PCR court's conclusion that it was a reasonable strategic decision to not have all eight witnesses testify as to Cooper's alibi. *State v. Fountain*, 786 N.W.2d 260, 266 (Iowa 2010) (noting "strategic decisions made after [a] 'thorough investigation of law and facts relevant to plausible options are virtually unchallengeable'" (citations omitted)). Counsel consulted with Cooper in making this strategic decision. We therefore conclude Cooper failed to establish his trial counsel breached an essential duty in not calling the other six alibi witnesses at trial. Because Cooper failed to prove the first element of the ineffective-assistance test, the claim fails. *Id.* ("The claim fails if the defendant is unable to prove either element of this test.").

In light of our affirmation of the PCR court's conclusion that Cooper's claim of ineffective assistance against his trial counsel fails on the first element, Cooper's claim on appeal that his PCR attorney was ineffective in failing to establish a record as to what evidence these six other alibi witnesses could have offered at trial also fails. As the PCR court noted, information about what evidence these six individuals could have offered only goes to whether or not Cooper was prejudiced by trial counsel's omission—Cooper had to prove a reasonable probability that the result of the trial would have been different if

these six people testified. *See Dempsey*, 860 N.W.2d at 868 ("Prejudice exists where a claimant proves a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." (internal quotation marks omitted)). Because the ineffective-assistance claim against trial counsel failed on the breach element, PCR counsel's failure to support the prejudice element would have made no difference at the PCR hearing. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) (noting "counsel has no duty to raise issues that have no merit").

**AFFIRMED.**