**IN THE COURT OF APPEALS OF IOWA**

No. 14-0550
Filed November 25, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JASON GENE MCDONNELL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Carol L. Coppola, District Associate Judge.

Defendant appeals his conviction for operating a vehicle without the owner's consent. **AFFIRMED.**

Brendon D. Moe of Glazebrook, Moe & Hurd, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Defendant Jason McDonnell appeals his conviction for operating a vehicle without the owner's consent. McDonnell claims he received ineffective assistance because defense counsel did not file a motion to dismiss on speedy trial grounds. We determine the record is inadequate to address McDonnell's claim of ineffective assistance, and therefore, we preserve the claim for possible postconviction proceedings. Defendant's conviction is affirmed.

### I. Background Facts & Proceedings

The State filed a trial information on November 25, 2013, charging McDonnell with operating a vehicle without the owner's consent, in violation of Iowa Code section 714.7 (2013), an aggravated misdemeanor. He was scheduled to be arraigned on December 4, 2013. On December 4, 2013, the arraignment was rescheduled to December 11, 2013. McDonnell did not appear on December 11, 2013, and the matter was not rescheduled.[1] McDonnell was arraigned on February 20, 2014.

On February 28, 2014, McDonnell entered a guilty plea to operating a vehicle without the owner's consent. The court accepted his plea. McDonnell requested immediate sentencing. He was sentenced to eighty-five days in jail, with credit for eighty-five days served, and a fine was suspended. Later that same day, McDonnell filed a motion to dismiss on the ground that he had not been tried within ninety days, as required by Iowa Rule of Criminal Procedure 2.33(2)(b). The State filed a resistance to the motion, claiming McDonnell was

---

[1] McDonnell had been arrested on other charges on December 6, 2013, and was in custody on those charges.

aware of the speedy trial issue but entered into a plea agreement in which he would plead guilty and the State would recommend a sentence of time served. McDonnell also filed a motion seeking to set aside his guilty plea. Before the court could rule on his motions, McDonnell appealed.[2]

## II.    Ineffective Assistance

McDonnell claims he received ineffective assistance because defense counsel permitted him to plead guilty to a charge that he asserts should have dismissed on speedy trial grounds. Under rule 2.33(2)(b), "the defendant must be brought to trial within 90 days after indictment is found," unless there is "good cause" for the delay. The trial information was filed on November 25, 2013, making the speedy trial deadline February 24, 2014. McDonnell entered his guilty plea on February 28, 2014.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

"Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules." *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010). "If a claim of ineffective assistance of counsel is raised on direct appeal from the criminal proceedings, the court may address it if the record is

---

[2]    After McDonnell appealed the district court entered an order stating it did not have jurisdiction to address the pending motions.

adequate to decide the claim." *Id.* "If the record is not adequate, the defendant may raise the claim in a postconviction action." *Id.*

In general, criminal charges should be dismissed if the speedy trial deadlines have been surpassed, "unless the defendant has waived speedy trial, the delay is attributable to the defendant, or other 'good cause' exists for the delay." *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001). The concept of "good cause" focuses on only one factor—the reason for the delay. *Id.* at 205. In a claim of ineffective assistance of counsel, the defendant must show, by a preponderance of the evidence, the State would be unable to establish good cause for the delay. *Ennenga*, 812 N.W.2d at 706.

We determine the record in this case is not adequate for us to address McDonnell's claim of ineffective assistance of counsel. While McDonnell entered a guilty plea past the speedy trial deadline, we are unable to determine if a motion to dismiss on speedy trial grounds would have been successful. The parties have not had the opportunity to present evidence on the issues of whether defendant waived his right to a speedy trial, the delay was attributable to him, or there was other "good cause" for the delay. *See Miller*, 637 N.W.2d at 204. We conclude McDonnell's claim he received ineffective assistance because defense counsel did not file a motion to dismiss the charge against him on speedy trial grounds should be preserved for possible postconviction proceedings.

We affirm McDonnell's conviction for operating a vehicle without the owner's consent.

**AFFIRMED.**