**IN THE COURT OF APPEALS OF IOWA**

No. 18-0560
Filed March 20, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRYCE ALBERT BISHOP,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

        Bryce Bishop appeals the judgment and sentence entered after a jury found him guilty of child endangerment resulting in bodily injury. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

        Considered by Vogel, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

The State charged Bryce Bishop with one count of child endangerment, in violation of Iowa Code section 726.6(1)(a), (1)(b), and (6) (2016), and one count of serious assault, in violation of Iowa Code section 708.2(2). Bishop appeals the judgment and sentence entered after a jury found him guilty of child endangerment resulting in bodily injury.

Bishop contends the trial court failed to apply the correct standard in ruling on his motion for new trial. Although we generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion, we review a claim that the district court failed to apply the proper standard in ruling on a motion for new trial for errors at law. *See State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). In claiming the court applied the wrong standard to his motion, Bishop relies on three statements in which the court makes reference to the evidence supporting the jury's verdict in its oral ruling on the motion. However, a review of the full ruling shows the court weighed the evidence and made determinations as to which evidence it found credible, and it found the credible evidence supported a finding of guilt on the charge of child endangerment resulting in bodily injury. Because it applied the proper standard in denying the motion, we affirm.

Bishop also contends his trial counsel was ineffective in failing to object to the following jury instruction:

> You have heard evidence claiming Bryce Bishop made statements at an earlier time and place. If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial.

Bishop notes that the instruction is a modified reproduction of the model instruction,[1] which we are "slow to disapprove of." *State v. Ambrose*, 861 N.W.2d 550, 559 (Iowa 2015). However, he argues there is no authority requiring the jury to consider out-of-court statements as bearing the same weight as trial testimony and claims "the jury should have been free to assign whatever weight and reliability to the statements as it saw fit."

This court has repeatedly rejected similar challenges to this instruction. *See State v. Moore*, No. 17-1822, 2019 WL 478236, at *2 (Iowa Ct. App. Feb. 6, 2019) (further review petition pending); *State v. Lopez-Aguilar*, No. 17-0914, 2018 WL 3913672, at *8 (Iowa Ct. App. Aug. 15, 2018) ("This court has repeatedly found the challenged instruction to be a correct statement of the law and repeatedly rejected the same argument."), *further review denied* (Oct. 8, 2018); *State v. Garcia*, No. 17-0111, 2018 WL 3913668, at *4 (Iowa Ct. App. Aug. 15, 2018) (finding counsel did not breach an essential duty in failing to object to the instruction), *further review denied* (Nov. 15, 2018); *State v. Yenger*, No. 17-0592, 2018 WL 3060251, at *4-5 (Iowa Ct. App. June 20, 2018), *further review denied* (Sept. 13, 2018); *State v. Hayes*, No. 17-0563, 2018 WL 2722782, at *5 (Iowa Ct. App. June 6, 2018) ("This court recently held this instruction correctly states the law and giving the instruction

---

[1] The model instruction includes the following additional language, which was not included here:

> You may also use these statements to help you decide if you believe the defendant. You may disregard all or any part of the defendant's testimony if you find the statements were made and were inconsistent with the defendant's testimony given at trial, but you are not required to do so. Do not disregard the defendant's testimony if other evidence you believe supports it or you believe it for any other reason.

Iowa Crim. Jury Instructions 200.44. However, he does not argue that omitting this portion of the instruction resulted in error.

was not in error." (footnote omitted)), *further review denied* (Aug. 3, 2018); *State v. Vandekieft*, No. 17-0876, 2018 WL 2727720, at *7-9 (Iowa Ct. App. June 6, 2018) (finding jury instruction to consider out-of-court statements "as if they had been made at this trial" correctly states the law), *further review denied* (Aug. 3, 2018); *State v. Payne*, No. 16-1672, 2018 WL 1182624, at *9 (Iowa Ct. App. Mar. 7, 2018) ("The instruction did not direct the jury to assign the statement any particular weight or unduly emphasize the matter, nor did it create an improper permissive inference or presumption."), *further review denied* (July 23, 2018); *State v. Wynn*, No. 16-2150, 2018 WL 769272, at *2-3 (Iowa Ct. App. Feb. 7, 2018) (rejecting claim that instruction was a misstatement of law and noting it requires no presumption or inference), *further review denied* (Apr. 4, 2018); *State v. Wineinger*, No. 16-1471, 2017 WL 6027727, at *3 (Iowa Ct. App. Nov. 22, 2017) (concluding instruction was "a correct statement of law"), *further review denied* (Feb. 28, 2018); *State v. Tucker*, No. 13-1790, 2015 WL 405970, at *3 (Iowa Ct. App. Jan. 28, 2015) ("The district court did not err in its instructions to the jury."), *further review denied* (Mar. 25, 2015). We are persuaded by our prior holdings and see no reason to revisit the issue. Because the instruction is a correct statement of the law, trial counsel had no duty to object to it. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Counsel has no duty to raise an issue that has no merit."). Bishop cannot show his trial counsel was ineffective on this basis.

**AFFIRMED.**