# IN THE COURT OF APPEALS OF IOWA

No. 18-1142
Filed October 9, 2019

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**MONTREAL SHORTER,**
         Defendant-Appellant.
_____

         Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan,
District Associate Judge.


         Montreal Shorter appeals following conviction for possessing or carrying a
dangerous weapon while under the influence.  **AFFIRMED.**



         Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant
Appellate Defender, for appellant.

         Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney
General, for appellee.


         Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Montreal Shorter appeals his conviction for possessing or carrying a dangerous weapon while under the influence. We reject Shorter's claims of allegedly faulty jury instructions and ineffective assistance of counsel and affirm his conviction.

**I. Background Facts.**

On December 23, 2017, at about two in the morning, Shorter and a friend tried to enter the Minx Show Palace. Earlier that night they had been drinking. Minx's two bouncers, Anthony Weber and Matthew Carroll, asked Shorter if he had any knives or guns on him. Shorter told them he "kept his shit in the car." The bouncers denied Shorter and his friend entrance for failing to meet the dress code. Shorter's friend confronted Weber and was pepper sprayed. Some of the spray hit Shorter.

Meanwhile, Carroll called the Polk County Sheriff to report the incident. Shorter declared he was "going to get his gun," then walked to his driver's door, opened it, and reached for something toward the center console. Both bouncers saw something in Shorter's hand, though they could not identify it.

As Shorter leaned back out of his car, police approached the Minx parking lot with sirens blaring and lights flashing. Shorter set whatever he was holding down and walked away from the car. Police spoke with Shorter, who repeatedly denied having had anything to drink even though he was slurring his words and staggering. A later preliminary breath test ("PBT") indicated Shorter's blood alcohol level was 0.113.

While deputies spoke with Shorter, Deputy Bradley Hook looked in the open driver's door of Shorter's car. The deputy saw a pistol on top of the center console. When told he "can't carry a gun while drunk," Shorter insisted he was not drunk. He did not deny carrying his pistol.

At trial, Shorter told the jury he never opened his car door after being pepper sprayed at Minx. He denied touching his pistol when intoxicated, though he admitted being drunk and having his pistol in his car. Shorter told the jury he always kept his pistol in the center console, but acknowledged that if it was found on top of the center console, that is where he left it.

Shorter's trial counsel objected to the proposed jury instruction of the elements of the offense of carrying a dangerous weapon while under the influence,[1] asserting it incorrectly included the word "possesses." He also objected to another instruction concerning "possession."[2] The court overruled his objections.

---

[1] Instruction 11 provides:
> The State must prove all of the following elements of Possession or Carrying of Dangerous Weapon While Intoxicated:
> On or about the 23rd day of December 2017, the Defendant was Intoxicated as defined in Jury Instruction No. 12; and the Defendant does any of the following:
> > (a) Possesses or carries a dangerous weapon on or about his person as defined in instructions no. 13; or
> > (b) Possesses or carries a dangerous weapon within the person's immediate access or reach while in a vehicle.
> If the State has proved all of the elements, the defendant is guilty of Possession or Carrying a Dangerous Weapon While Intoxicated. If the State has failed to prove any one of the elements, the defendant is not guilty.
> Instruction 15 provided: "As used in instruction no. 11, to carry a dangerous weapon means to support and move it from one place to another."

[2] As proposed by the trial court, instructions 16 and 17 defined "possession." However, Shorter had no objection to instruction 16 as modified ("To have immediate access to a firearm means to have actual possession of the firearm on or around one's person. To have a dangerous weapon within one's immediate reach means to have the firearm in

The jury convicted Shorter as charged. He now appeals, contending the court erred by instructing the jury as to the elements of the offense. He also asserts counsel's performance was constitutionally deficient for failing to object to the jury instruction that prior statements made by the defendant may be considered "as if they had been made at this trial."[3]

## II. Scope and Standard of Review.

We review challenges to the jury instructions for correction of errors at law. *State v. Hanes*, 790 N.W.2d 545, 548 (Iowa 2010). We must decide "whether the

---

close proximity so that the person can reach for it or claim dominion or control over it. In order to prove that the defendant has possession or control of a firearm, the State must prove that the defendant had knowledge of its existence and its general location.").

Instruction 17 reads:

> The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession. A person who has direct physical control over a thing on his person is in actual possession of it.
>
> A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it. A person's mere presence at a place where a thing is found or proximity to the thing is not enough to support a conclusion that the person possessed the thing.
>
> If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.
>
> Whenever the word "possession" has been used in these instructions, it includes actual as well as constructive possession and sole as well as joint possession.

[3] Instruction 18 reads in full:

> Evidence has been offered to show that the defendant made statements at an earlier time and place.
>
> *If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial.*
>
> You may also use these statements to help you decide if you believe the defendant. You may disregard all or any part of the defendant's testimony if you find the statements were made and were inconsistent with the defendant's testimony given at trial, but you are not required to do so. Do not disregard the defendant's testimony if other evidence you believe supports it or you believe it for any other reason.

(Emphasis added.)

challenged instruction accurately states the law and is supported by substantial evidence." *Id.*

We review de novo claims of ineffective assistance of counsel. *See State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018). "Ineffective-assistance-of-counsel claims require a showing by a preponderance of the evidence both that counsel failed an essential duty and that the failure resulted in prejudice." *Id.* (quoting *State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016)). The defendant must show both prongs of this test have been met. *Id.* at 206.

**III. Discussion.**

Shorter asserts the district court erred in overruling his objections to instructions including and defining the terms "possesses" and "possession," arguing the challenged language improperly authorized the jury to convict based on "possession" rather than "carrying" a dangerous weapon.

The pertinent statute, Iowa Code section 724.4C (2017), provides in pertinent part: "[A] person commits a serious misdemeanor if the person is intoxicated . . . and the person does any of the following: (a) Carries a dangerous weapon on or about the person. (b) Carries a dangerous weapon within the person's immediate access or reach while in a vehicle."[4] There is no statutory definition of "carry" in chapter 724. *State v. Thompson*, No. 12-2314, 2013 WL 6686624, at *3 (Iowa Ct. App. Dec. 18, 2013) (noting the legislature did not define "carried" in Iowa Code chapter 724); *State v. Neuzil*, No. 00-1956, 2001 WL 1659114, at *2 (Iowa Ct. App. Dec. 28, 2001). "In interpreting undefined statutory

---

[4] The statutory exceptions of section 724.4C(2) are not applicable. The term possession appears in the title of the section and in paragraph "2."

language, we . . . give words their common and ordinary meaning." *Thompson*, 2013 WL 6686624, at *3. "As sources for the common and ordinary meaning of words, we consult prior judicial interpretations and dictionary definitions." *Id.*

In *Thompson*, the defendant was charged with carrying and transporting weapons, in violation of Iowa Code section 724.4(1).[5] For purposes of that statutory provision, we noted the United States Supreme Court defined "carry" as "implying 'personal agency and some degree of possession.'" *Id.* (quoting *Muscarello v. United States*, 524 U.S. 125, 134–35 (1988)); *accord Neuzil*, 2001 WL 1659114, at *2. We are not convinced the court erred in including the definition of possession.

In any event, instruction 15 stated: "As used in instruction no. 11, to carry a dangerous weapon means to support and move it from one place to another." The evidence showed that after Shorter's friend was pepper sprayed, Shorter told the bouncers "he was going to get his gun." Shorter then walked to the driver's side door of his car, opened it, and deliberately reached toward the center console for something. Both bouncers saw Shorter had something in his hand but could not tell what. And they both saw him return the item as police approached with sirens and lights on. Shorter then walked away from his car. And, as officers spoke with Shorter, Deputy Hook looked through the open driver's door of Shorter's car and

---

[5] Section 724.4(1) provides:

> Except as otherwise provided in this section, a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or *who knowingly carries or transports in a vehicle* a pistol or revolver, commits an aggravated misdemeanor.

(Emphasis added.)

saw a pistol sitting on the center console "right where [Shorter] was reaching for" it. In response to being told he "can't carry a gun while drunk," Shorter denied that he was drunk but not that he had handled his pistol. At trial, however, Shorter admitted being drunk. There is strong evidence Shorter held and moved a dangerous weapon while intoxicated, we conclude Shorter was not prejudiced by the jury instructions given. Because it does not "sufficiently appear that the rights of [Shorter] have been injuriously affected by the [alleged] error or that he has suffered a miscarriage of justice," any error was harmless. *See Hanes*, 790 N.W.2d at 550 (citation omitted).

Shorter also contends his defense counsel was ineffective for failing to object to the instruction concerning prior statements made by a defendant. This court has rejected similar claims on a number of occasions. *See, e.g., State v. South*, No. 18-0356, 2019 WL 1294101, at *2 (Iowa Ct. App. Mar. 20, 2019); *State v. Moore*, No. 17-1822, 2019 WL 478236, at *2 (Iowa Ct. App. Feb. 6, 2019), *aff'd on this ground*, 2019 WL 4228986 , at *1 (Sept. 6, 2019) (per curiam) ("[W]e choose to let the court of appeals decision stand as our final decision regarding the ineffective-assistance-of-counsel claims."); *State v. Lopez-Aguilar*, No. 17-0914, 2018 WL 3913672, at *8 (Iowa Ct. App. Aug. 15, 2018) ("This court has repeatedly found the challenged instruction to be a correct statement of the law and repeatedly rejected the same argument."), *further review denied* (Oct. 8, 2018); *State v. Garcia*, No. 17-0111, 2018 WL 3913668, at *4 (Iowa Ct. App. Aug. 15, 2018) (finding counsel did not breach an essential duty in failing to object to the instruction), *further review denied* (Nov. 15, 2018); *State v. Yenger*, No. 17-0592, 2018 WL 3060251, at *4–5 (Iowa Ct. App. June 20, 2018), *further review denied*

(Sep. 13, 2018); *State v. Hayes*, No. 17-0563, 2018 WL 2722782, at *5 (Iowa Ct. App. June 6, 2018) ("This court recently held this instruction correctly states the law and giving the instruction was not in error." (footnote omitted)), *further review denied* (Aug. 3, 2018). We do not revisit the issue. Because the instruction is a correct statement of the law, trial counsel had no duty to object to it. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Counsel has no duty to raise an issue that has no merit."). Shorter's ineffective-assistance claim fails. We affirm.

**AFFIRMED.**