**IN THE COURT OF APPEALS OF IOWA**

No. 12-2216
Filed June 11, 2014

**LOUIS JOHNSON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, John D. Telleen,

Judge.


        A postconviction relief applicant appeals from denial of his application.

**AFFIRMED.**


        G. Brian Weiler, Davenport, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney

General, Michael J. Walton, County Attorney, and Kelly Cunningham, Assistant

County Attorney, for appellee.


        Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

Louis Johnson appeals from denial of his postconviction-relief (PCR) application contending the trial court erred by denying his request for substitute counsel. In November 2009, a jury convicted Johnson of possession with intent to deliver, possession of drug paraphernalia, and driving while barred. Prior to trial, Johnson raised a pro se motion requesting a new attorney. The court heard the motion and denied it. Following trial, Johnson appealed the conviction but did not raise the court's denial of his request for new counsel. We affirmed. *See State v. Johnson*, No. 09-1895, 2010 WL 5050582, at * 2 (Iowa Ct. App. Dec. 8, 2010). Johnson filed an application for postconviction relief. At the postconviction trial, Johnson's counsel orally amended the application to raise the claim that denial of his trial motion for new counsel violated Johnson's Sixth Amendment rights. The PCR court denied the application, and Johnson appealed.

Generally, we review denial of an application for postconviction relief for correction of errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). However, when the applicant asserts claims of a constitutional nature, our review is de novo. *Id.* Thus, we review Johnson's Sixth Amendment claim de novo.

Iowa Code section 822.8 (2011) provides, with respect to applications for postconviction relief:

> Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a

subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

An exception to these error preservations rules exists where the failure to raise the claim was a result of ineffective assistance of counsel. *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010). Johnson raises no such argument here, nor does he assert any other reason why he did not raise the claim in his direct appeal. We find, therefore, that Johnson waived the claim and we do not address it.

**AFFIRMED.**