# IN THE COURT OF APPEALS OF IOWA

No. 14-1494
Filed November 12, 2015

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**GARY L. STEWART,**
          Defendant-Appellant.

_____

          Appeal from the Iowa District Court for Des Moines County, John G. Linn,

Judge.

          Gary Stewart appeals his judgment and sentence for second-degree theft

as a habitual offender. **AFFIRMED.**

          Mark C. Smith, State Appellate Defender, Martha Lucey, Assistant

Appellate Defender, and Austin Muow, Student Legal Intern, for appellant.

          Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.

          Considered by Vaitheswaran, P.J., Bower, J., and Miller, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VAITHESWARAN, Presiding Judge.**

Gary Stewart appeals his judgment and sentence for second-degree theft as a habitual offender in connection with the removal and sale of rail roadties. Second-degree theft requires the value of the property to be more than $1000 and not more than $10,000. Stewart asserts his trial attorney was ineffective in failing to argue the insufficiency of the State's evidence of value.

"A claim of ineffective assistance of trial counsel based on the failure of counsel to raise a claim of insufficient evidence to support a conviction is a matter that normally can be decided on direct appeal." *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004). That is the case here. Stewart must show counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the record reveals substantial evidence to support the contested fact, counsel's failure to raise the claim of error could not be prejudicial. *See id.*

Although Stewart did not challenge the State's proof of the stolen items' value, the district court considered the State's evidence of value in ruling on Stewart's motion for judgment of acquittal. The court stated:

> I also did some quick math, and it would appear that the replacement value of this steel exceeded $10,000, and the Court concludes there's enough evidence in the record to let the jury make the final decision, so the Motion for Judgment of Acquittal will be denied.

The court's statement is supported by extensive record evidence, including testimony that the railway lost "approximately 120" special angle bars, which sold for between $165 to $215 each. The railway also lost "between 50 and 60" straight bars, which sold for $76 each. This evidence alone supports the finding

that Stewart took "[p]roperty valued at more than $1000 but not more than $10,000." Because the district court's finding is supported by substantial evidence, counsel's failure to raise the claim of error was not prejudicial. *See Truesdell*, 679 N.W.2d at 616.

Stewart also raises several pro se claims. None were considered by the district court. Accordingly, they were not preserved for our review. However, Stewart raises one of them under an ineffective-assistance-of-counsel rubric, which is an exception to the error preservation doctrine. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."). He asserts his vehicle, cell phone, and personal navigation system were initially taken from him without a warrant and warrants for the three items were not sought and obtained until a day or two later. In his view, his attorney "should have filed a motion to suppress evidence." We find the record adequate to address this claim.

The minutes of testimony reveal that Stewart was placed under arrest and his vehicle was impounded.[1] The vehicle was searched only after the officer applied for and obtained a search warrant the following day. On his search, he discovered two cell phones and a GPS system. These items were not included in the original warrant. The officer returned and presented a revised search warrant application that included them. The items were seized only after the revised warrant was approved. All three were subsequently searched, again pursuant to warrants.

---

[1] Stewart does not challenge the basis for impoundment.

On our de novo review, we conclude there is no reasonable probability an attorney would have prevailed had the attorney filed a motion to suppress the evidence based on the officer's failure to obtain a warrant before impounding the vehicle, where the vehicle was not searched prior to obtaining a warrant and no item was seized from the vehicle or searched without a warrant. Accordingly, this ineffective-assistance-of-counsel claim fails.

We affirm Stewart's judgment and sentence for second-degree theft.

**AFFIRMED.**