# IN THE COURT OF APPEALS OF IOWA

No. 16-0767
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LUIS AVALOS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Jason A. Burns, District Associate Judge.

        The defendant appeals from his conviction for operating while under the influence. **AFFIRMED.**

        Rockne Cole of Cole Law Firm, Iowa City, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Luis Avalos appeals from his conviction for operating while under the influence. Avalos purportedly challenges the sufficiency of the evidence to support his conviction, maintaining the State failed to introduce substantial evidence he was under the influence of alcohol or intoxicated. However, Avalos "candidly admits he did not raise a sufficiency challenge below."[1] *See Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 600 (Iowa 1998) ("Our preservation rule requires that issues must be presented to and passed upon by the district court before they can be raised and decided on appeal."). And he does not raise his claim under the ineffective-assistance-of counsel framework.[2] *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."). Thus, Avalos has failed to raise a claim that is preserved for our review, and we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**

---

[1] Avalos "invites the State to waive objection on this ground." The State has not accepted Avalos's invitation. Moreover, even if it had, we would not be bound by such a concession. *See State v. Bergmann*, 633 N.W.2d 328, 332 (Iowa 2001) ("Although the State concedes that error has been preserved on every issue raised on appeal . . ., we disagree."); *Top of Iowa Co-op v. Sime Farms, Inc.* 608 N.W.2d 454, 470 (Iowa 2000) ("In view of the range of interests protected by our error preservation rules, this court will consider on appeal whether error was preserved despite the opposing party's omission in not raising the issue at trial or on appeal."); *State v. Young*, No. 09-1938, 2011 WL 4579863, at *5 (Iowa Ct. App. Oct. 5, 2011) (raising the issue of error preservation sua sponte "in spite of the State's acquiescence").

[2] Avalos states we may, if we choose, address his claim on prejudice grounds. However, he has provided no other argument or authority to support a claim for ineffective assistance. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue deemed waiver of that issue."). "Judges cannot assume the role of a partisan advocate and do counsel's work." *State v. Coleman*, 890 N.W.2d 284, 304 (Iowa 2017) (Waterman, J., dissenting) (citing *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996)). Thus, without determining whether the record is adequate for review of the issue on direct appeal, we decline to consider it.