# IN THE COURT OF APPEALS OF IOWA

No. 18-0356
Filed March 20, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ASA SOUTH,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Marion County, Martha L. Mertz, Judge.

    Asa South appeals the judgment and sentence entered after a jury found him guilty of third-degree sexual abuse. **AFFIRMED.**

    Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

    Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

    Considered by Vogel, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

The State charged Asa South with second-degree sexual abuse, in violation of Iowa Code sections 709.1, 709.3(1)(A), and 903B.1 (2016). Both the complaining witness and South testified at trial, presenting the jury with two very different versions of events. A jury convicted South of third-degree sexual abuse, in violation of Iowa Code sections 709.1 and 709.4. South appealed.

South first contends the trial court abused its discretion in refusing to admit evidence that the complaining witness made a false claim of sexual abuse approximately nine or ten years earlier. We review his claim for an abuse of discretion. *See State v. Alberts*, 722 N.W.2d 402, 407-08 (Iowa 2006). We only reverse if the trial court exercised its discretion on clearly untenable grounds, for clearly untenable reasons, or to a clearly unreasonable extent. *See id.* at 408.

Before the trial court could admit evidence that the complaining witness made a prior false claim of sexual abuse, South had to show "(1) the complaining witness made the statements and (2) the statements are false, based on a preponderance of the evidence." *Id.* at 409. If South made this showing, the evidence would not be considered evidence of "past sexual behavior" under Iowa Rule of Evidence 5.412 (prohibiting admission of evidence of a victim's past sexual behavior in a criminal proceeding involving allegations of sexual abuse). *See id.* at 410.

The district court found South failed to prove by a preponderance of the evidence that the claim was false. We agree. South sought to admit evidence that the complaining witness told her husband another man had taken advantage of her while she was drunk. South asserts the statement is false because the

complaining witness was having an extramarital affair with the man, who testified he and the complaining witness engaged in sexual relations on multiple occasions. However, consent to sexual relations at one time does not equate with consent at all times, and consent cannot be inferred by the existence of a relationship between the parties. *See, e.g.*, Iowa Code § 709.4(1)(a) (defining third-degree sexual abuse as a sex act done against the will of the other person, "whether or not the other person is the person's spouse or is cohabiting with the person"). Additionally, intoxication may render a person incapable of consenting. *See, e.g.*, *id.* §§ 709.1(2) (defining sexual abuse as a sex act performed when the other person is suffering from a mental defect or incapacity that precludes giving consent), 709.1A(1) (defining mental incapacity as the state of being "temporarily incapable of apprising or controlling the person's own conduct due to the influence of a narcotic, anesthetic, or intoxicating substance"). Because South failed to show the claim was false, the trial court acted within its discretion in refusing to admit the evidence.

South also contends his trial counsel was ineffective in failing to object to the following jury instruction:

> Evidence has been offered to show that Asa South made statements at an earlier time and place.
> If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial.
> You may also use these statements to help you decide if you believe Asa South. You may disregard all or any part of his testimony if you find the statements were made and were inconsistent with his testimony given at trial, but you are not required to do so. Do not disregard his testimony if other evidence you believe supports it or you believe it for any other reason.

South concedes that the instruction is reproduction of the model instruction. *See* Iowa Crim. Jury Instructions 200.44. Although "we are slow to disapprove of the uniform jury instructions," *State v. Ambrose*, 861 N.W.2d 550, 559 (Iowa 2015), South argues there is no authority requiring the jury to consider out-of-court statements as bearing the same weight as trial testimony. He claims "the jury should have been free to assign whatever weight and reliability to the statements as it saw fit" and "to consider reliability of the statements from within the context in which they were made."

This court has repeatedly rejected similar challenges to this instruction. *See State v. Moore*, No. 17-1822, 2019 WL 478236, at *2 (Iowa Ct. App. Feb. 6, 2019) (further review petition pending); *State v. Lopez-Aguilar*, No. 17-0914, 2018 WL 3913672, at *8 (Iowa Ct. App. Aug. 15, 2018) ("This court has repeatedly found the challenged instruction to be a correct statement of the law and repeatedly rejected the same argument."), *further review denied* (Oct. 8, 2018); *State v. Garcia*, No. 17-0111, 2018 WL 3913668, at *4 (Iowa Ct. App. Aug. 15, 2018) (finding counsel did not breach an essential duty in failing to object to the instruction), *further review denied* (Nov. 15, 2018); *State v. Yenger*, No. 17-0592, 2018 WL 3060251, at *4-5 (Iowa Ct. App. June 20, 2018), *further review denied* (Sept. 13, 2018); *State v. Hayes*, No. 17-0563, 2018 WL 2722782, at *5 (Iowa Ct. App. June 6, 2018) ("This court recently held this instruction correctly states the law and giving the instruction was not in error." (footnote omitted)), *further review denied* (Aug. 3, 2018); *State v. Vandekieft*, No. 17-0876, 2018 WL 2727720, at *7-9 (Iowa Ct. App. June 6, 2018) (finding jury instruction to consider out-of-court statements "as if they had been made at this trial" correctly states the law), *further review denied* (Aug. 3,

2018); *State v. Payne*, No. 16-1672, 2018 WL 1182624, at *9 (Iowa Ct. App. Mar. 7, 2018) ("The instruction did not direct the jury to assign the statement any particular weight or unduly emphasize the matter, nor did it create an improper permissive inference or presumption."), *further review denied* (July 23, 2018); *State v. Wynn*, No. 16-2150, 2018 WL 769272, at *2-3 (Iowa Ct. App. Feb. 7, 2018) (rejecting claim that instruction was a misstatement of law and noting it requires no presumption or inference), *further review denied* (Apr. 4, 2018); *State v. Wineinger*, No. 16-1471, 2017 WL 6027727, at *3 (Iowa Ct. App. Nov. 22, 2017) (concluding instruction was "a correct statement of law"), *further review denied* (Feb. 28, 2018); *State v. Tucker*, No. 13-1790, 2015 WL 405970, at *3 (Iowa Ct. App. Jan. 28, 2015) ("The district court did not err in its instructions to the jury."), *further review denied* (Mar. 25, 2015). We are persuaded by our prior holdings and see no reason to revisit the issue. Because the instruction is a correct statement of the law, trial counsel had no duty to object to it. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Counsel has no duty to raise an issue that has no merit."). South cannot show his trial counsel was ineffective on this basis.

**AFFIRMED.**