# IN THE COURT OF APPEALS OF IOWA

No. 19-1247
Filed November 4, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW JOHN KIPPE,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris, District Associate Judge.


        Matthew Kippe appeals his conviction for failure to comply with the sex offender registry. **AFFIRMED.**


        Jeffrey L. Powell of Powell & McCullough, PLC, Coralville, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.


        Considered by Doyle, P.J., Greer, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

Matthew Kippe appeals his conviction for failure to comply with the sex offender registry. Kippe must register as a sex offender and verify his information quarterly based on prior convictions for third-degree burglary and indecent exposure. *See* Iowa Code § 692A.108(1)(c) (2018) (requiring "tier III" offenders to verify the accuracy of their information every three months). Kippe updated his address after moving in September 2018. The Iowa Department of Public Safety mailed a notification to that address informing Kippe that he was required to verify his information in November 2018, but the notification was returned as undeliverable, and Kippe never appeared to verify his information. The State charged Kippe with failure to comply with the sex offender registry, and a jury found him guilty as charged.

On appeal, Kippe first challenges the marshalling instruction. He concedes his trial counsel never objected to the marshaling instruction and that error is not preserved for our review, but he claims this failure rendered his trial counsel ineffective.[1] *See State v. Fountain*, 786 N.W.2d 260, 262-63 (Iowa 2010) (noting objections to jury instructions are waived on direct appeal if not raised before closing arguments but observing that ineffective-assistance claims are an exception to the error-preservation rules). We review ineffective-assistance-of-

---

[1] The district court entered judgment before July 1, 2019, when legislation went into effect restricting our ability to consider ineffective-assistance claims on direct appeal. *See* Iowa Code § 814.7 (Supp. 2019) (as amended by 2019 Iowa Acts ch. 140, § 31). We may therefore consider Kippe's ineffective-assistance claim on direct appeal. *See State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020) ("The determinative date is the date of the judgment of sentence that is appealed, not whether the appeal was pending on July 1, 2019.").

counsel claims de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed, Kippe must show counsel breached a duty and prejudice resulted. *See id.* at 866.

The trial court instructed the jury that the State was required to prove three elements to find Kippe guilty of failure to comply with the sex offender registry:

> 1. On or about November 1, 2018, through December 1, 2018, the Defendant, having been previously convicted of a sex offense, was required to register as a sex offender as provided in Cchapter 692A.
> 2. The Defendant knew or reasonably should have known of his duty to register as a sex offender.
> 3. On or about November 1, 2018, through December 1, 2018, the Defendant failed to appear in person and verify the accuracy of relevant information with the Black Hawk County Sheriff.

Kippe argues that the third element misstates the law because nothing in Iowa Code section 692A.108 required him to verify his registration in November. Although the statute does not specify the particular month an offender must verify, it does require those classified as a "tier III offender" to verify the accuracy of the sex offender registry information "every three months." Iowa Code § 692A.108(1)(c). Noting that he reported his new address in September 2018, Kippe implies that he fulfilled the verification requirement for the three-month period at issue. But Iowa Code section 692A.104(2) requires offenders to update a change of residence within five days. This requirement is separate from the verification requirement set forth in section 692A.108, and nothing in chapter 692A provides that reporting a change of information satisfies the verification requirement for that period.

Kippe advances that there is "nothing magical about November." The record is clear he did not "verify" his registration in either September or October,

in the face of a requirement that he verify "every three months."  November was his last chance to comply.  Because the marshalling instruction—identifying November as the month for compliance—did not misstate the law, counsel did not breach a duty by failing to object to it.  *See State v. Booth-Harris*, 942 N.W.2d 562, 580-81 (Iowa 2020).

Kippe also challenges the evidence supporting his conviction.  The State contests error preservation.  Although Kippe admits that his motion for judgment of acquittal was untimely, he claims the State waived any objection by advising the court to entertain it "in abundance of caution."  The State disputes this characterization and asks this court "to focus on the substantive component of error preservation"—the requirement that the motion for judgment of acquittal identify the specific element challenged on appeal.  *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) ("To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal.").

In moving for judgment of acquittal, Kippe's counsel argued the State failed to present evidence showing that Kippe is required to register as a sex offender or that he failed to make and keep his verification appointment.  On appeal, Kippe disputes that he was required to verify his personal information in November 2019.  Because Kippe did not raise this argument before the trial court, error is not preserved.

We affirm Kippe's conviction.

**AFFIRMED.**