# IN THE COURT OF APPEALS OF IOWA

No. 21-1002
Filed February 8, 2023

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**BRENDAN MICHAEL SCHURMAN,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Sioux County, Daniel Vakulskas, District Associate Judge.

     Brendan Schurman appeals his conviction for domestic abuse assault causing bodily injury. **AFFIRMED.**

     Rees Conrad Douglas, Sioux City, for appellant.

     Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

     Considered by Vaitheswaran, P.J., Ahlers, J., and Vogel, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VOGEL, Senior Judge.**

Brendan Schurman appeals from his conviction for domestic abuse assault causing bodily injury, arguing the evidence is insufficient to support his conviction. We affirm.

Schurman and B. were intermittently in a romantic relationship from 2014 until 2018, and they had one child together during this time. In January 2020, the child lived with B. in Sioux County. Schurman told B. he planned to move to Texas soon, and he asked to see the child before he left. At B.'s invitation, Schurman went to her home on January 20 for supper and to say goodbye to the child. After supper, Schurman put the child to bed and B. sat down on the living room couch; later, Schurman joined her on the couch.

According to B.'s testimony, at this time she was participating in multiple text conversations on her two cell phones—one work phone and one personal phone. Schurman apparently wanted to talk to her; after he joined her on the couch, he seemed annoyed B. was paying so much attention to her phones and not to him. He told her a few times to put down her phones. When she continued using her phones, he grabbed her left thigh and squeezed it until she put down her phones. Schurman's actions physically hurt and frightened B. After an argument, he eventually left her home at her urging. He moved to Texas the next day.

Later that night, B. noticed red marks on her thigh where Schurman squeezed her. Her thigh began bruising the next day in the same area. She took photographs of the bruising on January 23, 24, and 25, and these photographs were admitted into evidence at trial. She reported his actions to police on January 30. She testified she did not go to the police sooner because she was afraid of

Schurman and she wanted to be sure he was not coming back to Iowa. An officer took another photograph of her bruising at the time, which was also admitted into evidence.

Schurman was charged with domestic abuse assault causing bodily injury. The matter proceeded to a bench trial on May 11, 2021. The district court found him guilty as charged. He now appeals.

"We review the sufficiency of the evidence for correction of errors at law." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022) (quoting *State v. Buman*, 955 N.W.2d 215, 219 (Iowa 2021)). "The [factfinder's] verdict binds this court if the verdict is supported by substantial evidence." *Id.* "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* "In determining whether the [factfinder's] verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (quoting *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017)).

Schurman argues the evidence is insufficient to prove he assaulted B. *See* Iowa Code § 708.2A(1) (2020) (defining "domestic abuse assault" to mean "an assault" under specified conditions). A conviction for assault causing bodily injury requires the State to prove the defendant "acted with the specific intent to cause pain or injury to the victim, to result in physical contact that would be insulting or offensive to the victim, or to place the victim in fear of physical contact that would be injurious or offensive." *State v. Vandermark*, 956 N.W.2d 888, 892 (Iowa 2021). "[S]pecific intent requires an act calculated to produce a result that the law forbids."

*State v. Fountain*, 786 N.W.2d 260, 264 (Iowa 2010). "Specific intent is seldom capable of direct proof" and is often "shown by circumstantial evidence and the reasonable inferences drawn from that evidence." *State v. Ernst*, 954 N.W.2d 50, 55 (Iowa 2021) (quoting *State v. Walker*, 574 N.W.2d 280, 289 (Iowa 1998)).

At trial, Schurman denied that there was any tension between himself and B. or that he squeezed her leg that night. By contrast, B. testified Schurman intentionally squeezed her thigh to compel her to put down her phones and talk to him. She further testified he squeezed her hard enough to cause pain and fear in the moment and to leave redness and deep bruising for days after the encounter. The district court explicitly found her testimony more credible, and it is entitled to do so. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The [factfinder] is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive."). Furthermore, the photographs of her bruising are consistent with her testimony about Schurman tightly squeezing her thigh. Her testimony and the photographs comprise substantial evidence to conclude Schurman had the specific intent to assault B. on the night in question. We affirm his conviction for domestic abuse assault causing bodily injury.

**AFFIRMED.**