# IN THE COURT OF APPEALS OF IOWA

No. 22-0734
Filed March 29, 2023

**KRISTIN EASTON-COLE,**
    Plaintiff-Appellee,

**vs.**

**JAMES WILLIAMSON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Wapello County, Myron Gookin,

Judge.

James Williamson appeals the entry of a protective order under Iowa Code

chapter 236 (2022).  **REVERSED AND REMANDED.**

Carly M. Schomaker of Gaumer, Emanuel, Carpenter & Goldsmith, P.C.,

Ottumwa, for appellant.

Kristin Easton-Cole, self-represented appellee.

Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

Kristin Easton-Cole obtained a final domestic-abuse protective order against her then live-in boyfriend, James Williamson, pursuant to Iowa Code section 236.5 (2022). Williamson appeals. He challenges the district court's findings that he committed domestic abuse and that he poses a credible threat to Easton-Cole's safety. Our review is de novo. *Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001) ("Civil domestic abuse cases are also heard in equity and, thus, deserve a de novo review."). With de novo review, we are able to consider the entire record and formulate our own conclusions. *Id.* While we give respectful consideration to the district court's factual findings and credibility determinations, we are not bound by them. *Id.*

A prerequisite to obtaining relief under Iowa Code chapter 236 is proof that an assault occurred. This is because Iowa Code section 236.5 only provides remedies to a petitioner "[u]pon a finding that the defendant has engaged in domestic abuse," and section 236.2(2) defines "domestic abuse" as "committing assault as defined in section 708.1" under certain circumstances that make the assault "domestic." *See* Iowa Code § 236.2(2)(a)–(e) (setting forth the circumstances that would make an assault "domestic abuse"). Here, there is no dispute that the parties fit one of the circumstances that makes their relationship "domestic"—specifically, they were living together at the time of the alleged assault. *See* Iowa Code § 236.2(2)(a) (defining domestic abuse as an assault "between family or household members who resided together at the time of the assault"). The dispute here is whether an assault occurred.

After reviewing the record, we conclude the testimony presented at the hearing, even when believed, was legally insufficient to support a finding that an assault occurred.[1] The event that most closely resembles an assault occurred the day before Easton-Cole filed her petition seeking the protective order. As described by Easton-Cole, she was unhappy in her relationship with Williamson. Tensions grew, and Easton-Cole no longer wanted to share a bed with Williamson. She had asked Williamson to move out of her residence several times over a few months.[2] On the night at issue, a dispute developed over who would sleep on the couch. Events devolved into what Easton-Cole described as "an immature argument of whose pillow was whose." Easton-Cole took a pillow out of the bedroom where Williamson was going to sleep so she could use the pillow to sleep on the couch. Williamson grabbed the pillow, and, in snatching it away from Easton-Cole, Williamson's forearm "caught [Easton-Cole] in the face," and Easton-Cole responded by grabbing Williamson.

As previously noted, a finding of domestic abuse requires proof that an assault occurred. The physical contact between Williamson and Easton-Cole while arguing over the pillow implicates the first alternative of the assault statute.

---

[1] Our review is hampered by the lack of factual findings and credibility determinations made by the district court. The court's final protective order was prepared using a standard form (Form 4.2: Protective Order Following Adjudication of Domestic Abuse) that includes nonspecific, prefilled, boilerplate language that "Respondent committed a domestic abuse assault," and little else by the way of fact findings. We do not make this observation as a criticism. We are keenly aware of the district courts' daunting workload and the necessity of form orders to keep the wheels of the justice system turning. Rather, we make this observation simply to explain that it is more difficult to give weight to the district court's factual and credibility findings when those findings are not more fully developed.

[2] Her name was the only one on the lease, she lived at the residence before Williamson moved in, and Williamson had his own residence.

*See* Iowa Code § 708.1(2)(a) ("Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act."). Proving the first alternative of the assault statute requires proof of specific intent to cause pain, injury, or insulting or offensive physical contact. *See State v. Fountain*, 786 N.W.2d 260, 265 (Iowa 2010); *see also State v. Beck*, 854 N.W.2d 56, 66 (Iowa Ct. App. 2014) (confirming that *Fountain* held that "specific intent is an element of assault as defined in the first two alternatives of the assault statute"). "'Specific intent' means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind." Iowa Crim. Jury Instruction 200.2. Here, the specific purpose would be to cause pain, injury, or insulting or offensive physical contact. *See* Iowa Code § 708.1(2)(a).

While deliberately striking another in the face with one's forearm could certainly form the basis for finding the specific intent necessary to support a finding of an assault, we do not believe the evidence supports such a finding here. By Easton-Cole's account of the event, the two were wrestling over a pillow and Williamson's forearm "caught [her] in the face." Easton-Cole's description of the event suggests that the intent of each party was to wrest the pillow from the other's grasp but Williamson's arm "catching" Easton-Cole in the face was an accident.[3]

---

[3] The district court seems to acknowledge that the contact was something less than intentional. In ruling on Williamson's motion under Iowa Rule of Civil Procedure 1.904(2) asking for an expansion of the court's findings, the court modified its original findings to make credibility findings favorable to Easton-Cole, but, in doing so, observed that the action resulting in contact, "even if unintentional," still provided a reasonable basis for concluding Williamson posed a credible threat to Easton-Cole's safety. As noted, accidental contact does not meet the specific-intent element necessary to support a finding of assault.

This evidence is not supportive of the specific-intent element needed to find an assault. We also note that Easton-Cole filed her petition the day after the pillow incident, but she did not include reference to the incident even though the form asked her to describe the "most recent acts of physical" abuse and to describe past acts of physical abuse. This suggests that Easton-Cole may not have viewed the incident as an assault and supports the conclusion that the physical contact while the parties wrestled over the pillow was accidental rather than deliberate.

Based on our de novo review, we find Easton-Cole failed to meet her burden to establish the specific-intent element necessary to find an assault.[4] *See Wilker*, 630 N.W.2d at 596 (finding it is the petitioner's burden to prove domestic abuse by a preponderance of the evidence). Without proof of an assault, Easton-Cole did not establish that domestic abuse occurred, which precludes her from obtaining a final protective order. *See* Iowa Code § 236.5 (requiring proof of domestic abuse in order to grant relief); *see also id.* § 236.2(2) (defining "domestic abuse" as an

---

[4] We analyzed whether there is sufficient evidence of an assault under Iowa Code section 708.1(2)(a) because we believe that subsection's definition of assault most closely fits the allegations made at the hearing. That said, we are mindful that Easton-Cole's petition included an allegation that Williamson said or did things that made Easton-Cole "afraid of being physically or sexually abused." This allegation in the petition potentially implicates the definition of assault found in section 708.1(2)(b). Section 708.1(2)(b) defines assault as "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act." Like assault as defined in section 708.1(2)(a), assault under paragraph (b) requires proof of specific intent. *See State v. Heard*, 636 N.W.2d 227, 231–32 (Iowa 2001). Based on our review of the record, we are unable to find sufficient evidence of actions by Williamson that support a finding that he intended to place Easton-Cole in fear of immediate physical contact that would be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act. As a result, we find the evidence insufficient to support a finding of assault under the alternative theory set forth in section 708.1(2)(b).

assault coupled with a domestic relationship).  As a result, we reverse the issuance of the final protective order and remand for an order vacating the order and dismissing Easton-Cole's petition.

**REVERSED AND REMANDED.**