# IN THE COURT OF APPEALS OF IOWA

No. 22-1961
Filed December 6, 2023


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL WILLIAM WALKER McPEEK Jr.,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Story County, John R. Flynn, Judge.


        The defendant appeals his convictions for second-degree arson and first-degree criminal mischief. **AFFIRMED.**


        Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


        Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**GREER, Presiding Judge.**

Michael McPeek Jr. appeals his convictions for second-degree arson and first-degree criminal mischief. He (1) challenges the sufficiency of the evidence supporting the element of specific intent for both crimes, (2) argues the credible evidence preponderates against the guilty verdicts, and (3) maintains the court should have merged his convictions. Following our review, we affirm.

**I. Background Facts and Proceedings.**

On the afternoon of August 7, 2021, McPeek tossed items—like the television and shelving units—around in the home of his romantic partner, with whom he shared a child. He then sprayed lighter fluid in various spots in the home before starting two fires. McPeek called 911 and reported the fire in the home, saying he set it because his family was involved with the Iowa Department of Human Services (DHS) and he wanted attention for his case.

Firefighters and police officers responded to the scene and the fire was put out without the home being completely destroyed. McPeek returned to the home on foot while the emergency services personnel were still present. He spoke to a detective there, telling her multiple times that he lit the house on fire. On the audio of the discussion later admitted at trial, McPeek told the detective, "I lit the house on fire. I did it. I took—I took lighter fluid, [inaudible] sprayed it all over and took a lighter and I lit it on fire. I did that. I did it." He also told the detective that if she went in the home, she would find "a bunch of shit broken" because "[he] broke it." Ten times McPeek told the other officers at the scene similar things, mentioning he "threw shit all over" in the house and then took lighter fluid from the garage and sprayed it around inside the house before using a lighter to start the fire. On top

of those admissions, McPeek repeatedly told the officers that he wanted to bring attention to his DHS case because he was frustrated and felt like DHS was treating his family unfairly.

McPeek was charged with second-degree arson and first-degree criminal mischief. He pled not guilty, and the case was tried to a jury.

At trial, the State introduced into evidence a video that a witness took of the fire, the 911 call McPeek made to report the fire, audio from part of the detective's conversation with McPeek on scene, and body camera footage with audio showing part of a conversation McPeek had with other officers. Fire Inspector Jason Ziph testified as to what he saw in the home and explained why that evidence supported his conclusion the fire was intentionally set. The State also introduced into evidence an invoice for $17,073.36, showing the cost to demolish as needed and clean up the home after the fire to make it livable. And McPeek's romantic partner testified that after the fire, she sold the home at a loss of about $40,000.

The jury found McPeek guilty of both charges. He was later sentenced to a ten-year term of imprisonment on each conviction, and the district court ordered him to serve the two terms consecutively.

McPeek appeals.

## II. Discussion.

### A. Sufficiency of the Evidence.

McPeek challenges the sufficiency of the evidence supporting each of his convictions. Our review is for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We affirm when the verdict is supported by substantial evidence, meaning "the quantum and quality of evidence is sufficient

to 'convince a rational fact finder that the defendant is guilty beyond a reasonable doubt.'" *State v. Banes*, 910 N.W.2d 634, 637 (Iowa Ct. App. 2018) (citation omitted). In conducting our review, we consider the evidence in the light most favorable to the verdict, including all reasonable inferences that may be fairly drawn from the evidence. *Id.*

Here, the jury was instructed that the State had to prove the following for McPeek to be guilty of second-degree arson:

> 1. On or about the 7th day of August, 2021, [McPeek] caused a fire in or near property.
> 2. [McPeek] intended to destroy or damage property.
> 3. The property was a building or structure.

And for first-degree criminal mischief, the State had to prove:

> 1. On or about the 7th day of August, 2021, [McPeek] damaged or destroyed the home and/or personal property belonging to [his former partner].
> 2. [McPeek] acted with the specific intent to damage or destroy the home and/or personal property.
> 3. When [McPeek] damaged or destroyed the home and/or personal property, he did not have the right to do so.[1]

McPeek does not dispute he threw items around in the home before intentionally starting a fire inside. Instead, he challenges whether the State proved he had the specific intent to damage or destroy personal property or the home when he committed those acts.

In his appellate brief, McPeek claims that "[d]ue to mental illness and intoxication, [he] was not capable of forming the specific intent necessary for the

---

[1] In a separate instruction, the jury was told that if McPeek was guilty of criminal mischief, it was up to the jury to determine the degree. The jury concluded McPeek was guilty of criminal mischief in the first degree "because the cost of repair or replacement is more than $10,000."

crimes of arson and criminal mischief." But insofar as he intends to rely on some combination of intoxication, insanity, or diminished responsibility to claim he was unable to form the requisite intent, McPeek is precluded from doing so. He did not plead any of these defenses and, likewise, did not ask that the jury be instructed on them. *See* Iowa R. Crim. P. 2.11(11)(b), (c); *see also State v. Fountain*, 786 N.W.2d 260, 262 (Iowa 2010) ("[O]bjections to giving or failing to give jury instructions are waived on direct appeal if not raised before counsel's closing arguments, and the instructions submitted to the jury become the law of the case."). Additionally, McPeek did not present any evidence at trial—in support of these defenses or otherwise. *See State v. Bynum*, 937 N.W.2d 319, 327 (Iowa 2020) ("If a defendant's theory of defense is timely requested, is supported by the evidence, and is a correct statement of the law, the district court must provide the requested instruction."). Because the jury was not asked to consider whether McPeek's level of intoxication, insanity, or diminished responsibility impacted his ability to form specific intent, and because the instructions as given are the law of the case, we do not consider these specific defenses as they relate to the sufficiency of the evidence. *See State v. Starr*, No. 22-0277, 2023 WL 5092065, at *2 (Iowa Ct. App. Aug. 9, 2023).

That said, we consider whether the State otherwise presented substantial evidence of McPeek's specific intent. As the jury was instructed, "'[s]pecific intent' means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind." McPeek maintains his "purpose" of starting the fires was to bring attention to what he understands to be unfair treatment toward him and his family at the hands of DHS. But as the State

recognizes, that may have been why McPeek chose to do the act—his motive—but it does not negate his intent to cause serious damage within or destroy the home to gain that attention. Substantial evidence supports each of McPeek's convictions.

### B. Weight of the Evidence.

McPeek also challenges the district court's denial of his motion for new trial, asserting the greater weight of the credible evidence supports acquittal on both charges. Generally, we review a district court's ruling on a motion for "new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). Our review "does not extend to 'the underlying question of whether the verdict is contrary to the weight of the evidence.'" *Id.* at 707 (citation omitted). This makes sense because deciding a motion for new trial based on the weight of the evidence requires consideration of "whether more 'credible evidence' supports the verdict rendered than supports the alternative verdict." *Id.* at 706 (citation omitted). It is up to the district court, who sat through trial, to determine the credibility of the various witnesses. *Id.*

In his written motion for new trial,[2] McPeek broadly asserted the verdicts were against the weight of the evidence; he did not challenge the credibility of any individual or attempt to raise the issues of his alleged intoxication, insanity, or diminished responsibility. He reiterated his claim that his intention was to "draw

---

[2] There were two motions for a new trial submitted—one by counsel and one by McPeek. Here we are referring to the motion for a new trial submitted by counsel in October 2022.

attention to the misdeeds of [DHS] . . . and not to intentionally destroy the property." The district court denied the motion in a written ruling, concluding:

> [T]he court finds that [McPeek's] argument is without merit. . . . [T]he court very comfortably finds that the verdicts were not contrary to the weight of the evidence. All of the witnesses that testified were very credible. [Fire Inspector] Ziph was an incredibly effective witness and extremely credible. Seven credible witnesses coupled with the numerous admissions made by [McPeek] strongly demonstrates that the verdicts were not contrary to the weight of the evidence.

McPeek does not challenge the court's credibility determinations; he argues a different conclusion should have been reached about his specific intent based on the evidence. But, as the district court recognized, McPeek's repeated admissions to starting the fire and the fire inspector's testimony about the evidence showing the fire was, in fact, intentionally set is strong evidence McPeek intended to damage or destroy the home and personal property within it. *See State v. Taylor*, 689 N.W.2d 116, 132 (Iowa 2004) ("[A]n actor will ordinarily be viewed as intending the natural and probable consequences that usually follow from his or her voluntary act."). The district court did not abuse its discretion in denying McPeek's motion for new trial based on the weight of the evidence. *See Ary*, 877 N.W.2d at 706 (recognizing the district court should grant a new trial based on a weight-of-the-evidence challenge "only in the extraordinary case in which the evidence preponderates heavily against the verdict[s] rendered").

**C. Merger.**

Finally, McPeek maintains the district court should have merged his convictions; he argues first-degree criminal mischief merges with second-degree arson because it is impossible to commit the former without committing the latter.

Our review of "claims of an illegal sentence involving merger [is] for the correction of errors at law." *State v. Brown*, 996 N.W.2d 691, 696 (Iowa 2023).

Iowa Code section 701.9 (2021) codifies double jeopardy protection against multiple punishments for the same offense. *Id.* at 697. But "[t]he legislature defines the offenses and can provide for multiple punishments for separate offenses that apply to the same conduct." *Id.* (quoting *State v. Johnson*, 950 N.W.2d 21, 24 (Iowa 2020)). "If the legislature intended for there to be multiple punishments, then the Double Jeopardy Clause is not violated, section 710.9 is not applicable, and merger is not required." *Id.*

In deciding what the legislature intended to impose, we start with the legal-elements test. *See id.* We "compare[] 'the elements of the two offenses to determine whether it is possible to commit the greater offense without also committing the lesser offense.'" *Id.* (citation omitted).

The jury was instructed as follows for second-degree arson:

> 1. On or about the 7th day of August, 2021, [McPeek] caused a fire in or near property.
> 2. [McPeek] intended to destroy or damage property.
> 3. The property was a building or structure.

And for criminal mischief, the jury was instructed on these elements:

> 1. On or about the 7th day of August, 2021, [McPeek] damaged or destroyed the home and/or personal property belonging to [his former partner].
> 2. [McPeek] acted with the specific intent to damage or destroy the home and/or personal property.
> 3. When [McPeek] damaged or destroyed the home and/or personal property, he did not have the right to do so.

It is possible for a person to commit second-degree arson without also committing criminal mischief and vice versa. *See Johnson*, 950 N.W.2d at 24; *State v.*

*Stewart*, 858 N.W.2d 17, 21 (Iowa 2015) ("[W]e have rejected a factual impossibility test which turns on the specific facts of the case in favor of a more general analysis based on the relationship between the two crimes."). Under the instructions as marshalled to the jury, a person commits second-degree arson by causing a fire with the intention of causing damage, even if no damage occurs. Whereas committing criminal mischief requires that the act actually did damage or destroy the home or personal property plus proof that the person had no right to do so. And, if we are looking at the crimes in the opposite direction, we note a person could commit criminal mischief by causing damage or destruction with means other than a fire, while arson requires the actor to "cause a fire." The two crimes do not merge under the legal-elements test.

Still, we consider whether the legislature intended multiple punishments for both offenses. *See Brown*, 996 N.W.2d at 699 ("While the legal-elements test indicates the two crimes do not merge, we must also determine 'whether the legislature intended multiple punishments for both offenses.'" (citation omitted)). But, because neither offense is included in the other, we presume the legislature intended multiple punishments. *See id.* And here, the legislature "intended to protect against two different harms" because criminal mischief targets actions that actually result in damage or destruction, while arson is aimed at acts done with an intention to cause harm by fire. *Id.* at 700; *see also Johnson*, 950 N.W.2d at 26 ("We have declined to merge offenses when the underlying statutes focus on 'different dangers.'" (citation omitted)).

For these reasons, McPeek's convictions for second-degree arson and first-degree criminal mischief do not merge.

**III. Conclusion.**

Because there is substantial evidence for his convictions, the district court did not abuse its discretion in denying his motion for new trial, and his convictions do not merge, we affirm McPeek's convictions and sentences.

**AFFIRMED.**